STATE OF NEBRASKA, APPELLEE, v. KENNETH KELLY, APPELLANT.

227 N. W. 2d 848

Filed April 10, 1975. No. 39732.

Frank B. Morrison, Sr., and Stanley A. Kreiger, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., McCOWN, and NEWTON, JJ., COLWELL, District Judge, and KUNS, Retired District Judge.

KUNS, Retired District Judge.

A jury found the defendant, Kenneth Kelly, guilty of rape. He appeals from the conviction and sentence thereon. His sole assignment of error relates to the overruling of motions for a directed verdict of "not guilty," made both at the end of the State's case-in-chief and at the conclusion of all the evidence.

The record shows that the defendant met the prosecutrix as she was passing behind a Safeway supermarket, on her way to another grocery store; that she entered his automobile; and that he drove on public streets with other traffic, stopping for at least one stop sign and observing other traffic signals, to a secluded area. The prosecutrix testified that the defendant drove up in his Volkswagen, drew a gun, ordered her into the car, and threatened to kill her if she screamed; that he indicated he was going to rape her and that she should not try anything or he would kill her; that she did not scream or yell while in the car or attempt to jump out or escape; that when he stopped the car, he ordered her to get out, disrobe, and get into the back seat; that defendant undressed and had sexual intercourse with her; that later she got out of the car and dressed; that defendant took some money from her purse and drove away; and that she ran down the street for help. The defendant testified that he offered the prosecutrix a ride; that she accepted, got into the car, and offered to perform an act of prostitution; that he drove to the location described by the prosecutrix where they both undressed and she voluntarily had intercourse with him; that when he then gave her $15, she demanded $25, which he did not have and refused to give her; and

that he then ordered her from the car and left for work. He admitted denying having anything to do with the prosecutrix when the police first questioned him, because he was scared and had a previous record.

The defendant's motions for directed verdict were overruled and the case was submitted to the jury.

Instructions Nos. 9 and 9A given by the trial court fully and correctly stated the rules relating to the necessity and extent of resistance by the prosecutrix on a charge of forcible rape, in accordance with State v. Campbell, 190 Neb. 22, 206 N. W. 2d 53; and State v. Smith, 192 Neb. 794, 224 N. W. 2d 537.

The defendant makes no direct attack on the credibility of the prosecutrix, but argues that it would not have been obviously useless, futile, or foolhardy for her to have jumped from the vehicle and to have escaped into the other traffic. In view of the testimony of the prosecutrix that defendant had threatened her with a gun, that she remained in fear, and that, since he had the gun, she was not going to open the door and get out of the car, the issue was not a question of law for the court, but a question of fact for the jury.

It is not the province of either the trial court or this court to resolve conflicts in the evidence, to determine the plausibility or reasonableness of explanations, or to weigh the evidence. Where there is substantial evidence sustaining the jury's verdict, it will not be set aside. Clark v. State, 151 Neb. 348, 37 N. W. 2d 601; Vanderheiden v. State, 156 Neb. 735, 57 N. W. 2d 761; State v. Marion, 174 Neb. 698, 119 N. W. 2d 164. The trial court properly submitted the issues to the jury; the verdict is supported by substantial evidence and the conviction of the defendant is sustained.

AFFIRMED.