STATE OF NEBRASKA, APPELLEE, V. KENNETH KELLY, APPELLANT.

263 N. W. 2d 457

Filed March 8, 1978. No. 41622.

Margaret Hornbeck of Hornbeck & Luther, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

Almost 2 years after the District Court entered an order denying defendant's motion for post conviction relief, the defendant filed a motion for an order permitting him to file an appeal out of time. The District Court overruled defendant's motion to extend the time for appeal and defendant has appealed from that order.

In July 1974, the defendant was found guilty by a jury of the crime of forcible rape and sentenced to 8 to 15 years imprisonment. On direct appeal the conviction was affirmed on April 10, 1975. State v. Kelly, 193 Neb. 494, 227 N. W. 2d 848.

On August 25, 1975, defendant filed a motion for post conviction relief alleging that the enactment of new sexual assault laws, L. B. 23, Laws of 1975, had changed the penalty for the former crime of rape and that defendant was entitled to the benefits of that law. Defendant's conviction and sentence had become final on April 10, 1975, and the new sexual assault laws did not become effective until August 24, 1975. Although the new law decreased the maximum penalty for first degree sexual assault (formerly rape) to a period of not more than 25 years, the defendant's sentence was well within the statutory limits under either the old or the new law. Defendant's motion for post conviction relief also sought to raise objections to a police-conducted interrogation prior to trial, and, by an amendment, alleged a denial of the right to jury trial because the court failed to instruct on a lesser-included offense.

The public defender was appointed to represent the defendant on the post conviction motion on September 5, 1975. The District Court journal entry for September 29, 1975, states: "Hearing on defendant's motion to reduce sentence in accordance with new statute on Rape. Motion denied. Sentence to stay as is. Defendant's motion denied en toto."

On February 26, 1976, defendant filed a motion for a speedy hearing on his motion for post conviction relief which had been previously filed on August 25, 1975. On March 1, 1976, the District Court overruled defendant's motion for speedy hearing upon the ground that "it has already been ruled upon on September 29, 1975." The record shows that the District Court advised the defendant of that action by letter on March 1, 1976, and that defendant received that notice.

Some 16 months later, on July 7, 1977, defendant filed his motion for an order permitting him to file an out-of-time appeal to this court from the order of September 29, 1975. The defendant alleged that he had not been notified of the ruling of September 29, 1975; that he had not had notice of appointment of counsel; nor had he ever been advised by counsel of the pendency of the hearing or of the result. The motion was denied on the same day it was filed on the ground that the District Court had no jurisdiction to allow such an appeal. Counsel on appeal was appointed and this appeal followed.

This court has consistently held that it is mandatory and jurisdictional that notice of appeal be filed within the time required by statute. When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. See, Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98; Friedman v. State, 183 Neb. 9, 157 N. W. 2d 855.

The argument that defendant has lost his right of appeal solely because of the action or inaction of the court or an officer of the court, and without fault on defendant's part, is without merit.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.