STATE OF NEBRASKA, APPELLEE, V. DAVID G. KOLAR,
APPELLANT.

294 N. W. 2d 350

Filed July 1, 1980.  No. 43058.

Richard Gee, for appellant.

Paul L. Douglas, Attorney General, and Patrick T.
O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN,
CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, David Kolar, appeals from a judg-
ment of the District Court for Merrick County, Ne-

braska, which affirmed an earlier conviction by the county court of Merrick County, Nebraska, finding Kolar guilty of violating Neb. Rev. Stat. § 39-669.07 (Reissue 1978). For reasons more particularly set out in the opinion, we must reverse the action of the District Court and order the complaint dismissed.

The first issue raised herein is whether the appeal was timely filed. Each party agrees that the notice of appeal was filed within 1 month after the order of the District Court overruling appellant's motion for new trial. The issue, however, is whether the motion for new trial was timely filed. The record reflects that the District Court advised the appellant by mail on September 13, 1979, that the court had affirmed the judgment and sentence of the county court and directed the county attorney to prepare an appropriate journal entry for the court's signature. On September 21, 1979, and within 10 days of receipt of the letter from the district judge, the appellant filed a motion for new trial directed at the judgment referred to in the district judge's letter of September 13, 1979. The record discloses, however, that the formal journal entry was not signed by the district judge until September 26, 1979, after the motion for new trial was filed. We are, therefore, presented with the question of whether a motion for a new trial in a criminal case filed *prior* to the formal entry of judgment but within 10 days after formal written notice by the trial court, satisfies the requirements of Neb. Rev. Stat. § 29-2103 (Reissue 1975).

The filing of the motion for new trial is important in this case insofar as it relates to the provisions of Neb. Rev. Stat. § 25-1912 (Reissue 1975) which require that an appeal to this court must be filed within 1 month after the rendition of the judgment or decree *or within 1 month from the overruling of a motion for new trial.* (Emphasis supplied.)

As we have already indicated, the appeal was filed within 1 month after the overruling of the motion for

new trial. However, if by reason of the motion for new trial having been filed prior to the formal entry of judgment, the motion for new trial was a nullity, the appeal should have been filed within 1 month after the rendition of the judgment or decree and it was not.

We recently had the occasion to consider this issue in the case of *Dale Electronics, Inc. v. Federal Ins. Co.*, 203 Neb. 133, 137, 277 N.W.2d 572, 574 (1979), wherein we said:

> [A] notice of appeal filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective to confer jurisdiction on this court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the notice of appeal relates.

On the same day we decided the *Dale Electronics* case, we also decided the case of *Pfeiffer v. Pfeiffer,* 203 Neb. 137, 141-42, 277 N.W.2d 575, 578 (1979), wherein we said:

> We now hold that a motion for new trial filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective and does not constitute a nullity if the record shows that the motion for new trial relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the motion for new trial relates.

We perceive no reason why we should not adopt a similar rule with regard to a motion for new trial in

a criminal case as well, and we now hold that a motion for new trial filed in a criminal case after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective and does not constitute a nullity, if the record shows that the motion for new trial relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the motion for new trial relates. We, therefore, hold that the motion for new trial was timely filed in this matter. Therefore, the appeal was, likewise, timely filed, and this court did acquire jurisdiction.

The second error assigned by appellant is that, under the provisions of Neb. Rev. Stat. § 39-669.09 (Reissue 1978), the sheriff was required to transport the appellant to a facility where a physician or qualified technician of appellant's choice could draw a blood sample, if so requested, and that, upon failure by the sheriff to so transport the appellant so that an additional test could be taken, the original test results obtained by the sheriff were inadmissible in evidence. Before we reach that issue, however, we are compelled by the record herein to note a plain error not raised by the parties.

While the provisions of Neb. Rev. Stat. § 25-1919 (Reissue 1975) and Neb. Ct. R. 8.a.2.(3) provide that consideration of the cause on appeal is limited to errors assigned and discussed by the parties, that same statute and rule permit this court to note, at its option, a plain error not assigned. See, *Cockle v. Cockle,* 204 Neb. 88, 281 N.W.2d 392 (1979); *Zych v. Zych,* 165 Neb. 586, 86 N.W.2d 611 (1957). We find in this case such a plain error which must be considered. In order to consider this error it is necessary that we first set out certain of the relevant facts.

On August 22, 1978, at approximately 10 a.m.,

Deputy Sheriff Clayton Erickson of the Merrick County sheriff's office was dispatched to an accident which had occurred on Highway 30 about 2½ miles east of Clarks, Nebraska. It appeared that appellant had struck another vehicle in the rear. The deputy conducted an investigation at the scene. During the course of the investigation, appellant assisted the deputy and held the tape measure for him. Appellant did not stagger or show any other signs of being intoxicated, although appellant was emotionally upset and crying about having seriously damaged his vehicle. While there is some conflict in the evidence, it appears that the deputy did not, at the time the investigation was being conducted, believe appellant to be intoxicated, and did not, at that time, place appellant under arrest. The deputy offered appellant a ride to town because of the fact that the appellant's vehicle was disabled. The record discloses that, while traveling from the scene of the accident to town, the deputy detected what he believed to be the aroma of alcohol on appellant's breath and, for the first time, advised appellant that he would have to take a Breathalyzer test when they arrived at the sheriff's office. The deputy maintains that, when they arrived at Central City, he advised appellant that he was then under arrest and had to take a breath test. Appellant indicated that he would do so but requested that he also be afforded an opportunity to obtain a blood test by a physician of his own choice. Appellant attempted to contact his own personal physician in Grand Island but was unsuccessful in getting him to come to Central City. Appellant, nevertheless, took the Breathalyzer test and recorded a reading of .20.

Testimony at trial disclosed that appellant had been drinking the night before the accident but had not had anything to drink after about 2 a.m. of the morning of the accident, approximately 8 hours prior to the time of the accident.

At the time of the trial, the deputy testified that he held a valid permit authorizing him to use the type of equipment which, in fact, was used to administer the breath test on appellant. He did not, however, produce any evidence of that permit at trial but rather advised the court that the permit "was at the office." Likewise, the record is totally devoid of any evidence that the test administered to appellant was of a type previously approved by the Department of Health, as required by the provisions of Neb. Rev. Stat. § 39-669.11 (Reissue 1978).

After the complaint was filed in the county court, appellant sought to suppress the test results by motion but on different grounds than the fact that the test had not been of the type approved by the Department of Health. The motion was subsequently overruled by the county court.

At the time the county court overruled the motion to suppress, we had not yet issued our opinion in *State v. Gerber, ante* p. 75, 291 N.W.2d 403 (1980). In *Gerber*, we held that, before the results of a Breathalyzer may be offered in evidence for the purpose of establishing that a defendant was at a particular time operating a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his body fluid, the State must prove the following: (1) That the testing device or equipment was in proper working order at the time of conducting the test; (2) That the person giving and interpreting the test was properly qualified and held a valid permit issued by the Nebraska Department of Health at the time of conducting the test; (3) That the test was properly conducted in accordance with a method currently approved by the Nebraska Department of Health; and (4) That there was compliance with all statutory requirements. There is no evidence that the Breathalyzer test administered on appellant was obtained in accordance with the provisions of § 39-669.11. Therefore, it was not competent

evidence which a court could consider. There was no evidence in the record that the method employed by the deputy was ever approved by the Department of Health as required by law. See, also, *State v. Scott, ante* p. 451, 293 N.W.2d 114 (1980).

The record further discloses that, absent the result of the Breathalyzer test, there was no evidence to indicate that appellant was either operating a motor vehicle while under the influence of alcohol, or had an excessive alcohol content in his body fluid contrary to law. The State, therefore, failed to produce evidence sufficient to convict the appellant and we are required to reverse the action of the trial court in affirming the judgment of the county court. We remand the matter back to the District Court with instructions to dismiss the complaint.

Having reached that conclusion, it is not necessary that we consider the other assignment of error raised by appellant.

REVERSED AND REMANDED WITH
DIRECTIONS.