STATE OF NEBRASKA, APPELLEE, V.
DAVID D. DITTER, APPELLANT.

308 N.W.2d 350

Filed July 10, 1981.   No. 43815.

L. William Kelly of Kelly & Kelly for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

WHITE, J.

This case comes to the court in a unique posture. A number of procedural and substantive questions as to our jurisdiction are raised by the State. Because of the jurisdictional defects, we have before us only the question of whether the sentence imposed on the defendant was excessive.

The defendant, David D. Ditter, pled guilty to the crime of first degree murder, Neb. Rev. Stat. § 28-303(1) (Reissue 1979), and was sentenced on November 15, 1979, after a hearing by the trial court on the aggravating and mitigating circumstances, to a term of imprisonment for life, the least sentence allowable under § 28-303.

No motion for new trial was filed and a notice of appeal was filed on December 13, 1979.

Notwithstanding the notice of appeal filed in this court, vesting exclusive jurisdiction in this court, new counsel on May 19, 1980, filed pleadings denominated motion for new trial and motion to vacate verdict and request for new trial. See *State v. Allen*, 195 Neb. 560, 239 N.W.2d 272 (1976). The pleadings alleged various infirmities in the process of the plea and sentence of constitutional dimension. The motion was not verified as is required by Neb. Rev. Stat. § 29-3001 (Reissue 1979) of the Nebraska Post Conviction Act. Nevertheless, the court proceeded to a hearing, made findings of fact, and denied the relief. A second notice of appeal was filed and the entire matter is before the court.

It is settled law in this state that in the absence of a motion for new trial in a criminal case, the only issues remaining for argument are whether the pleadings support the judgment and whether the sentence is

excessive. *State v. Kelley,* 198 Neb. 805, 255 N.W.2d 840 (1977). The pleadings support the judgment, and the sentence is clearly not excessive. The trial court could not impose a lesser sentence than the one imposed.

The second motion for new trial, in addition to not being timely filed, was filed while the matter was on appeal to this court. It was a nullity. See *State v. Allen, supra.*

As to the motion to vacate, counsel asks us to waive compliance with the requirements of our Post Conviction Act. We decline to do so, both for the purpose of adhering to the plain terms of the Post Conviction Act and so that, should he so desire, defendant may avail himself of the terms of that act to provide this court with an adequate record to review the alleged errors of constitutional dimension.

We affirm the judgment of the trial court insofar as the claim that the sentence was excessive and dismiss so much of this appeal as purports to be an appeal from denial of post conviction relief.

AFFIRMED IN PART, AND IN PART DISMISSED.