STATE OF NEBRASKA, APPELLEE, V. MICHAEL W. RYAN, APPELLANT.

387 N.W.2d 705

Filed May 30, 1986.   No. 85-794.

Richard L. Goos, Special Court-Appointed Attorney, for appellant.

Robert M. Spire, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Michael W. Ryan, pled guilty to possessing a machine gun in violation of Neb. Rev. Stat. § 28-1203 (Reissue 1985). He was thereafter sentenced to imprisonment for a period of 5 years. The issues presented by defendant's assignments of error are (1) whether the sentencing court violated defendant's due process rights by relying on information not contained in the presentence report or elsewhere in the record and to which defendant therefore had no opportunity to reply, and (2) whether the sentence is excessive. We affirm.

The presentence report, which was reviewed by defendant and his trial attorney and not objected to, reflects, among other things, that in connection with a stolen property investigation, law enforcement officers were directed to a Richardson County farm. The farm was occupied by about 20 people, including the defendant. In executing a search warrant on June 25, 1985, the officers encountered the defendant, who admitted owning the machine gun in question but claimed he did not know it would fire as a fully automatic weapon, thinking he had discarded the parts which enabled it to do so. Approximately $125,000 worth of stolen merchandise was found at the farm, along with not less than 35 weapons, several of which were automatic, together with 97,000 rounds of ammunition. The presentence report also reveals that the defendant had been arrested for speeding in Kansas in September of 1982. He failed to appear for trial on that charge, as the consequence of which his operator's license was suspended and later reinstated. In February of 1985 defendant was again arrested, this time for giving a worthless check. He pled guilty and was ordered to make restitution.

In imposing sentence the judge stated he had not only considered the facts in the presentence report but "other public comments that the defendant has made from the time of his plea up to the present date."

Notwithstanding the fact that defendant's trial counsel did not move for a specification of the comments to which the judge referred, defendant now contends that the judge's consideration of the undisclosed comments violated defendant's constitutional right to due process of law because, not knowing what was in the judge's mind, he could not "rebut that information."

As the discussion which follows demonstrates, however, the portions of the presentence report summarized above in and of themselves demonstrate that there was no abuse of discretion in the sentence imposed. That being so, it matters not whether the sentencing judge erred in considering the undisclosed comments, a question we do not decide, for error without prejudice is harmless and will not afford a basis for vacating a proper sentence. See, *State v. Gregory*, 220 Neb. 778, 371 N.W.2d 754 (1985); *State v. Hunt*, 220 Neb. 707, 371 N.W.2d 708 (1985).

The possession of a machine gun is a Class IV felony. Neb. Rev. Stat. § 28-1203 (Reissue 1985). As such, no minimum punishment is required; the maximum period of imprisonment is limited to 5 years. Neb. Rev. Stat. § 28-105 (Reissue 1985). Thus, it is true that defendant was potentially sentenced to the maximum period of imprisonment allowable. He was not, however, sentenced to the longest minimum period of imprisonment allowable, one-third of 5 years, or 20 months. Neb. Rev. Stat. § 83-1,105 (Reissue 1981). As a consequence of the sentencing judge's election not to specify a minimum period of imprisonment, defendant's actual sentence is an indeterminate one of from 0 to 5 years, less certain good time computations. Neb. Rev. Stat. §§ 83-1,107, 83-1,107.01, 83-1,108 (Reissue 1981). In point of fact, the Department of Correctional Services is free to discharge defendant from his prison obligation at any time from and after the moment of defendant's arrival at the prison gates.

While it is true, as defendant points out, that he had a relatively clean criminal record prior to this occurrence, we agree with the Attorney General that the number of weapons and amount of ammunition found indicate that defendant's possession of the weapon which is the subject of this case was

not an isolated matter.

It is axiomatic that a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Perdue, ante* p. 679, 386 N.W.2d 14 (1986). No such abuse existing, the sentence of the district court is affirmed.

AFFIRMED.