STATE OF NEBRASKA, APPELLEE, V. BRIAN R. WALLACE, APPELLANT.

390 N.W.2d 530

Filed July 18, 1986.   No. 85-869.

Frank Shoemaker, for appellant.

Robert M. Spire, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Following a trial by jury, defendant, Brian R. Wallace, was adjudged guilty of third degree assault upon a police officer in violation of Neb. Rev. Stat. § 28-931 (Reissue 1985); attempted third degree assault upon a second police officer in violation of Neb. Rev. Stat. §§ 28-201 and 28-931 (Reissue 1985); and criminal mischief in violation of Neb. Rev. Stat. § 28-519 (Reissue 1985). He was thereafter sentenced to the Nebraska Penal and Correctional Complex for 1 year on the third degree assault conviction, 1 year on the attempted third degree assault conviction, to be served concurrently with the first sentence, and 2 months on the criminal mischief conviction, to be served concurrently with the other two sentences. Defendant appeals and assigns as errors (1) the failure of the trial court to instruct the jury as requested by him and (2) the trial court's consideration of defendant's juvenile record in imposing its sentences. We affirm.

The evidence establishes that in the early morning hours of December 20, 1984, Officer Hawkins of the McCook Police Department observed a van driven by defendant approach a stop sign and fail to stop. Hawkins followed the van to a nearby gas station and asked defendant for his driver's license. Hawkins observed that defendant appeared dazed, and detected an odor of alcohol on his breath.

Hawkins then asked defendant to perform some field sobriety tests, which defendant failed. Hawkins thereupon informed defendant that he was being placed under arrest for driving while intoxicated, and prepared to handcuff him. Defendant refused to be handcuffed and backed away from Hawkins. Another officer who was assisting Hawkins stopped defendant from backing away, and defendant then began kicking and screaming at the two officers. After wrestling with and being kicked by defendant several times, the officers succeeded in handcuffing and eventually placing defendant in the police car, after which defendant kicked out one of the rear side windows of the car.

Defendant was then taken to the police station, where the two officers attempted to book him. At this point a confrontation began between defendant and a civilian who was

helping in the procedure. Hawkins intervened by pressing his fingers and thumb behind defendant's mandible in order to stop defendant's aggressive conduct. Defendant then kicked Hawkins between the legs with sufficient force to lift the latter off the ground. Defendant was finally placed in jail after a scuffle with other officers. After this was accomplished, Hawkins was transported to a hospital, where he spent the next day.

Defendant's first assignment of error rests on the trial court's refusal to give two instructions he tendered and requested. These instructions deal with the amount of force a police officer may use in effecting an arrest and the extent to which one may resort to force in defending himself during an arrest.

A review of the instructions which the trial court, on its own motion, gave the jury reveals that the jury was advised as to the contents of the relevant statutes concerning the use of force when making or assisting in the making of an arrest and that only reasonably necessary force may be used. The trial court's instructions also advised the jury that when one is threatened or attacked in such a manner as to cause him to believe he is in danger of receiving bodily injury, he may defend himself by using such force as appears to him to be reasonably necessary.

The first assignment of error is resolved adversely to defendant by the rule that a trial court may refuse to give an instruction requested by a criminal defendant where the substance of the request is covered in the instructions actually given. *State v. Thielen*, 216 Neb. 119, 342 N.W.2d 186 (1983); *State v. Vicars*, 207 Neb. 325, 299 N.W.2d 421 (1980). See, also, *State v. Clayburn, ante* p. 333, 389 N.W.2d 314 (1986).

In connection with defendant's second assignment, that the trial court improperly considered his record as a juvenile, we first look at the nature of the offenses for which he was convicted herein and at his adult conduct. For if these matters in and of themselves support the sentences imposed, it does not matter whether the trial court reflected upon something it should not have considered. This is so because such an error would not be prejudicial and, as such, could not be the basis for vacating a judgment or sentence. *State v. Rust, ante* p. 150, 388 N.W.2d 483 (1986); *State v. Gregory*, 220 Neb. 778, 371

N.W.2d 754 (1985).

The presentence report shows that since he became an adult, defendant has been convicted of no less than six offenses involving the use of an automobile, including one occasion either of leaving the scene of a personal injury accident or of careless driving. Given the context in which the subject offenses arose, that record cannot be considered insignificant; neither are the offenses involved in this case insignificant.

The third degree assault conviction is a Class IV felony which carries a maximum punishment of 5 years' imprisonment or a $10,000 fine, or both such fine and imprisonment; the attempted third degree assault conviction is a Class I misdemeanor and, as such, authorizes a punishment of imprisonment for up to 1 year or a fine of $1,000, or both such fine and imprisonment; the criminal mischief conviction is a Class III misdemeanor which authorizes imprisonment for up to 3 months or a fine of $500, or both such fine and imprisonment. As can be readily seen, the concurrent sentences imposed upon defendant are but a fraction of the maximum sentences which could have been imposed and, without reference to the juvenile record, cannot be said to constitute an abuse of discretion. Under that circumstance we need not, and therefore do not, consider whether it was appropriate for the county court to unseal defendant's juvenile record and for the sentencing court to consider that record.

As has repeatedly been said, absent an abuse of discretion by the sentencing court, a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Clayburn, supra; State v. Ryan*, 222 Neb. 875, 387 N.W.2d 705 (1986).

Neither of defendant's assignments of error having merit, the judgments and sentences of the trial court are affirmed.

AFFIRMED.