IN RE INTEREST OF C.M.H. AND M.S.H., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. M.H., NATURAL MOTHER, APPELLANT.
418 N.W.2d 226

Filed January 22, 1988.   No. 87-267.

Lisa C. Lewis of Byrne, Rothery, Lewis, Bedel, Tubach & Zielinski, for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, C.J.

The mother has appealed from an order of the separate juvenile court of Douglas County which terminated her parental rights to her two minor children. She assigns various errors, but because we find that this court is without jurisdiction, we need not discuss them. Rather, we order the appeal dismissed.

The juvenile court entered an order on July 7, 1986, terminating parental rights. On December 19, 1986, appellant filed a motion to vacate that order as set out in "§25-2001 et.seq.," for the reason that she did not receive notice of the termination order until December 12, 1986. The court, on January 26, 1987, considered the motion and, without ruling specifically on it, simply ordered that the appellant "may proceed with her appeal out of time if she so desires with notice of appeal to be filed within 30 days of this date."

Appellant filed a motion for new trial on February 11, 1987, going to the merits of the July 7 termination order, based on her allegations that the order terminating her parental rights was not supported by clear and convincing evidence and was

contrary to law. That motion was overruled by order of the court, dated February 23, 1987, which in turn granted appellant "30 days from this date to filed [sic] notice of appeal." Appellant's notice of appeal from the court's order rendered February 23, 1987, was filed on March 23.

Neb. Rev. Stat. § 43-2,126 (Reissue 1984) provides that "[a]ny final order . . . entered by a separate juvenile court may be reviewed by the Supreme Court of Nebraska within the same time and in the same manner prescribed by law for review of an order . . . of the district court . . . ."

A motion for a new trial must be made within 10 days after the complained-of order was entered, except where unavoidably prevented. Neb. Rev. Stat. § 25-1143 (Reissue 1985). It is required by Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1986) that in order to vest this court with jurisdiction a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion for a new trial. The timely filing of such notice of appeal is jurisdictional. *Smith v. Smith*, 225 Neb. 93, 402 N.W.2d 688 (1987).

Although Neb. Rev. Stat. § 25-1912.01 (Reissue 1985) does not require the filing of a motion for a new trial as a prerequisite to obtain a review in most cases, the timely filing of such a motion will extend the time within which a notice of appeal must be filed to a period of 30 days following the overruling of that motion. However, a motion for new trial which is not filed within the time constraints required by statute is a nullity and does not extend the time within which a notice of appeal may be filed. *Novak v. Nelsen*, 209 Neb. 728, 311 N.W.2d 8 (1981).

Neb. Rev. Stat. § 25-2001 (Reissue 1985) authorizes the trial court to vacate its order "for mistake, neglect, or omission of the clerk" or "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending . . . ." This apparently was the basis upon which appellant filed her motion of December 19 (failure to receive notice of judgment). Perhaps the trial court could have vacated its order of July 7. However, instead, the court simply extended the time within which appellant could prosecute her appeal. This the court had no authority to do.

This court has consistently held that it is mandatory

and jurisdictional that notice of appeal be filed within the time required by statute. When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly. An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law. See, Morrill County v. Bliss, 125 Neb. 97, 249 N.W. 98; Friedman v. State, 183 Neb. 9, 157 N.W.2d 855.

*State v. Kelly*, 200 Neb. 276, 278, 263 N.W.2d 457, 458 (1978).

In any event, appellant did not file a notice of appeal within 30 days of the January 26 order; rather, she filed a motion for a new trial, as to the merits of the case, on February 11, more than 10 days after the entry of the court's order. Such motion was a nullity and did not extend the time within which she could perfect her appeal. Her notice of appeal filed on March 23, 1987, was well outside the 30-day period following the order of January 26.

This court never acquired jurisdiction of the case, and the appeal is ordered dismissed.

APPEAL DISMISSED.