STATE OF NEBRASKA, APPELLEE, V. COLLIN D. SPOTTED ELK, APPELLANT.

420 N.W.2d 707

Filed March 18, 1988.    No. 87-524.

James R. Wefso, for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

In this criminal case, defendant, Collin D. Spotted Elk, pled guilty to a charge of attempted burglary, a violation of Neb. Rev. Stat. §§ 28-201 and 28-507 (Reissue 1985), was so adjudged and thereafter sentenced to 5 years' imprisonment, and was ordered to pay restitution in the sum of $761.12. Defendant then filed a timely notice of appeal of the sentence of imprisonment to this court. He later filed a motion in the district court asking that his sentence be reconsidered under the provisions of Neb. Rev. Stat. § 29-2308.01 (Cum. Supp. 1986). The district court then purported to reduce the original sentence and sentenced defendant to a period of imprisonment for a term of 4 years. Although defendant filed no new notice of appeal with respect to the reduced sentence, he asks this court to hold it to be excessive. Since the district court lacked jurisdiction to reduce its original sentence and the record shows

the original sentence to have been within the applicable statutory limits and not to have constituted an abuse of discretion, we vacate and set aside the purported reduced sentence and affirm the original sentence.

At 5 o'clock on the morning of March 8, 1987, Deputy Sheriff David Lyon, while driving through the town of White Clay, Nebraska, noticed tire tracks in freshly fallen snow in the driveway at the Roy Smith residence. Knowing the Smiths' residence to be temporarily vacant, Lyon investigated. He found two sets of footprints in the snow leading from the location of the tire tracks, one set to the front door of the residence and one set to the rear. Upon examination, it became clear that the residence had been entered through the front door, which had been locked.

Lyon followed the tire tracks from the Smiths' driveway onto the highway and to a vacant field or lot south of the Smith residence. There he found parked a green Ford Torino, disabled by an engine fire, within which were Darrell Spotted Elk, Phillip Elk Boy, and a gilt-edged cut glass wine decanter. Following conversation with Darrell Spotted Elk and Elk Boy, Lyon placed both under arrest. Investigating further, Lyon traveled to Pine Ridge, where he encountered Geraldine Blue Bird, who informed him that the Ford Torino belonged to her and had been loaned to her nephew, the defendant herein. When Lyon stated to defendant, "If you were there when the car broke down, then you were there when the burglary happened," defendant answered, "Okay. I was there." Lyon then placed defendant under arrest.

Later, Mrs. Smith examined the house and noted that several table lamps and additional decanters were missing. Lyon located many of the missing items in a ditch near the place where he had found the Ford Torino, and he noted "numerous footprints back and forth between the car and where those items were cached."

Meanwhile, Elk Boy waived his *Miranda* rights and told Lyon that he, Darrell Spotted Elk, and defendant had driven to White Clay and that defendant had entered the Smith house.

Defendant was initially charged with burglary, a Class III felony, § 28-507. Subsequently, pursuant to a plea agreement,

the charge against defendant was amended to attempted burglary, a Class IV felony, § 28-201. At the hearing of March 31, 1987, the district court accepted defendant's guilty plea, continued the matter for sentencing, and ordered a presentence investigation and report.

The sentencing phase of the trial was held on May 5, 1987. Neither defendant himself nor his attorney offered any corrections to the presentence report; indeed, defendant's attorney noted that "defendant has a long record," but argued that "it is a matter of opinion how serious it is." Defendant was thereupon sentenced as stated in the first paragraph of this opinion.

On June 4, 1987, defendant filed, with the help of the prison "offender legal aid office," a notice of appeal of the prison sentence to this court.

Later, on June 26, 1987, defendant, by his attorney, filed a motion asking the district court to reconsider its sentence.

On July 14, 1987, the district court held a hearing on that motion. The gist of the argument made by defendant's attorney was, as it is in this court, that defendant's sentence of 5 years' imprisonment is disproportionate to the sentences meted out to the coperpetrators, Darrell Spotted Elk and Phillip Elk Boy. The district court then reduced defendant's sentence to 4 years' imprisonment. The record suggests, and defendant confirms in his reply brief, that no additional notice of appeal was filed following the reconsideration hearing of July 14, 1987.

The record further reflects that coperpetrator Darrell Spotted Elk pled guilty to attempted burglary, was later sentenced to 3 years' probation subject to conditions, and was ordered to make restitution to the Smiths in the amount of $761.12 within 6 months. Similarly, the record reflects that coperpetrator Phillip Elk Boy pled guilty to attempted burglary, was later sentenced to 1 year in the Nebraska Penal and Correctional Complex, and was ordered to make restitution to the Smiths in the amount of $761.12.

Before reaching the merits of defendant's challenge to the severity of his sentence, whatever that sentence might be, we must first consider the question of the jurisdiction of this court at this time and that of the district court when it purported to

reduce the sentence as originally imposed.

Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1986) provides in relevant part as follows:

(1) Except as provided in section 29-2308.01, the proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors under the criminal code, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and, except as otherwise provided in sections 29-2306 and 48-641, by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court.

(2) The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial under section 25-1143, if such motion is filed by any party within ten days after the verdict, report, or decision was rendered, or (b) by a motion to set aside the verdict or judgment under section 25-1315.02, if such motion is filed by any party within ten days after the receipt of a verdict, and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a) or (b) of this subsection. When any motion terminating the time for filing a notice of appeal is timely filed by any party, a notice of appeal filed before the entry of the order ruling upon the motion shall have no effect, whether filed before or after the timely filing of the motion. A new notice of appeal shall be filed within the prescribed time from the ruling on the motion. No additional fees shall be required for such filing.

(3) Except as otherwise provided in subsection (2) of this section and sections 29-2306 and 48-641, an appeal

shall be deemed perfected and the Supreme Court shall have jurisdiction of the cause when such notice of appeal shall have been filed and such docket fee deposited in the office of the clerk of the district court, and after being so perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional.

Neb. Rev. Stat. § 29-2306 (Reissue 1985) deals with waiver of docket fees for cause, and Neb. Rev. Stat. § 48-641 (Reissue 1984) deals with appeals under this state's employment security law; neither provision is of concern in this case.

Section 29-2308.01 provides:

Any court which imposes a sentence for a criminal offense may reduce such sentence within one hundred twenty days after (1) the sentence is imposed or probation is revoked or (2) receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. No hearing shall be required concerning any request for reduction denied under this section.

Application of subdivision (2) of § 29-2308.01 is triggered when the lower court receives "a mandate issued [by the reviewing court] upon affirmance of the judgment or dismissal of the appeal." Inasmuch as the district court has as yet received no mandate from this court, we are here concerned only with subdivision (1) of the foregoing statute; although subdivision (2) may pose questions regarding the finality of judgments, those questions are not yet before us.

At issue and of current concern is the relationship between §§ 25-1912(1) and 29-2308.01.

Section 25-1912(1) establishes the manner in which "proceedings to obtain a reversal, vacation, or modification of judgments and decrees . . . or final orders" may be instituted. Except as provided in § 29-2308.01, such proceedings are to be instituted "by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal," together with the applicable fees,

unless fees are waived for cause. In criminal cases it is the sentence which is the judgment. *In re Interest of Wolkow*, 206 Neb. 512, 293 N.W.2d 851 (1980); *State v. Long*, 205 Neb. 252, 286 N.W.2d 772 (1980).

Section 25-1912(2) provides that the 30-day appeal deadline clock created in § 25-1912(1) is stopped and reset by either of only two occurrences: filing a motion for new trial, pursuant to Neb. Rev. Stat. § 25-1143 (Reissue 1985), within 10 days after the "decision was rendered"; or making a motion for judgment notwithstanding the verdict, pursuant to Neb. Rev. Stat. § 25-1315.02 (Reissue 1985), within 10 days of receipt of the verdict. Sections 25-1143 and 25-1315.02 deal with matters of civil, not criminal, procedure and thus have no application to a criminal case. A motion for a new trial in a criminal case is controlled by Neb. Rev. Stat. §§ 29-2101 through 29-2103 (Reissue 1985). *State v. Daly*, ante p. 633, 418 N.W.2d 767 (1988). There is no criminal equivalent of a motion for judgment notwithstanding the verdict such as is contemplated by § 25-1315.02 in a civil case. (See, however, Neb. Rev. Stat. §§ 29-2104 through 29-2106 (Reissue 1985), which deal with a motion for arrest of a criminal judgment.) In any event, at no time was a motion for new trial or to arrest the judgment made in this case.

The only posttrial motion filed in the district court asked for reconsideration of the sentence originally imposed. Clearly, § 29-2308.01 grants to those sentenced pursuant to a criminal conviction the right to petition the sentencing court for reconsideration of the sentence. Under § 29-2308.01(1) this right must be exercised within 120 days of the imposition of the sentence or the revocation of probation, or it is lost. Equally clearly, however, § 25-1912(2) makes no provision to stop and reset the 30-day appeal deadline clock upon the filing of a motion to reconsider sentence pursuant to § 29-2308.01.

It follows, therefore, that the enactment of § 29-2308.01 in no way alters the jurisdictional significance of the act of filing a notice of appeal. Under subsection (3) of § 25-1912, filing a notice of appeal, together with payment of fees unless fees are waived for cause, removes jurisdiction of the cause from the district court to this court, "and no step other than the filing of

such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional." See, e.g., *State v. Reed*, 226 Neb. 575, 412 N.W.2d 848 (1987); *In re Interest of C.M.H. and M.S.H., ante* p. 446, 418 N.W.2d 226 (1988); *State v. Kelly*, 200 Neb. 276, 263 N.W.2d 457 (1978). Once jurisdiction has been removed to this court, the district court has no jurisdiction over the cause unless and until remand by this court. *State v. Battershaw*, 220 Neb. 661, 371 N.W.2d 313 (1985); *State v. Ditter*, 209 Neb. 452, 308 N.W.2d 350 (1981).

Accordingly, jurisdiction over this cause was in this court from and after June 4, 1987, when defendant filed his notice of appeal. The district court thus lacked jurisdiction to act upon defendant's June 26, 1987, motion asking the district court to reconsider his sentence. The district court's purported act of reducing defendant's sentence from 5 years' imprisonment to 4 is therefore a nullity and of no force or effect.

In his reply brief in this court defendant makes frequent reference to the fact that his notice of appeal was filed pro se, while his motion to reconsider sentence was filed by counsel. This is of no consequence inasmuch as a criminal defendant who proceeds pro se is held to the same trial standard as if he or she were represented by counsel. *State v. Stickney*, 222 Neb. 465, 384 N.W.2d 301 (1986).

Having determined that jurisdiction over the cause is properly in this court and that the district court's purported reduction of defendant's sentence is a nullity, we turn now to consideration of defendant's claim that in light of the sentences imposed upon his coperpetrators, the district court abused its discretion in originally sentencing him to imprisonment for 5 years.

First of all, it must be noted that as a Class IV felony a conviction for attempted burglary requires no minimum punishment, but authorizes imprisonment for up to 5 years, or a $10,000 fine, or both such imprisonment and fine. Neb. Rev. Stat. § 28-105 (Reissue 1985). As a consequence of the district judge's election not to specify a minimum period of imprisonment, defendant's actual sentence is an indeterminate one of from 0 to 5 years, less certain good-time computations. In point of fact, the Department of Correctional Services is free

to discharge defendant from his prison obligation at any time and was so from the moment defendant arrived at the prison gates. Neb. Rev. Stat. §§ 83-1,105, 83-1,107, 83-1,107.01, and 83-1,108 (Reissue 1987); *State v. Ryan*, 222 Neb. 875, 387 N.W.2d 705 (1986). Thus, while it is true that defendant was potentially sentenced to the maximum period of imprisonment allowable, he was not sentenced to the longest minimum period of imprisonment allowable, one-third of 5 years, or 20 months.

As we have noted in the past, as a practical matter it is the minimum portion of an indeterminate sentence which measures its severity. *State v. Sianouthai*, 225 Neb. 62, 402 N.W.2d 316 (1987); *State v. King*, 196 Neb. 821, 246 N.W.2d 477 (1976). It can hardly be said that a sentence involving no judicially imposed minimum period of imprisonment is excessive under the circumstances of this case.

Moreover, as has been noted in the past, the issue in reviewing a sentence is whether the defendant in question received an appropriate sentence, not whether someone else received a lesser one. *State v. Carlson, ante* p. 503, 418 N.W.2d 561 (1988); *State v. Sianouthai, supra; State v. Morrow*, 220 Neb. 247, 369 N.W.2d 89 (1985). Similarly, the mere fact that a defendant's sentence differs from those which have been issued to the coperpetrators in the same court does not make the imposition of defendant's sentence an abuse of discretion. Each defendant is unique; evidence as to each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence. *State v. Patrick, ante* p. 498, 418 N.W.2d 253 (1988); *State v. Costanzo, ante* p. 616, 419 N.W.2d 156 (1988).

There is nothing in the record to suggest the sentence originally imposed in any sense constituted an abuse of discretion. That being so, and that sentence being within statutory limits, the sentence of imprisonment for a period of 5 years as originally imposed is affirmed. *State v. Costanzo, supra.*

AFFIRMED IN PART, AND IN PART
VACATED AND SET ASIDE.