STATE OF NEBRASKA, APPELLEE, V. ROBERT MICHAEL FLYING
HAWK, APPELLANT.

420 N.W.2d 323

Filed March 18, 1988.   No. 87-556.

James R. Wefso, for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant, Robert Michael Flying Hawk, pled guilty to a charge of attempted burglary, a violation of Neb. Rev. Stat. §§ 28-201 and 28-507 (Reissue 1985), was so adjudged, and was thereafter sentenced to imprisonment for a period of 30 months and ordered to pay restitution in the amount of $901.10. More than 30 days later, he, without having previously filed a motion for new trial, filed a notice of appeal to this court. Defendant thereafter filed in the district court a motion seeking reconsideration of his sentence. Lacking jurisdiction, we dismiss.

Defendant entered his plea on March 26, 1987. On May 5, 1987, the district court sentenced defendant as aforesaid. On June 8, defendant filed a notice of appeal to this court. On August 10, 1987, defendant filed in the district court a motion asking that court to reconsider the sentence it had imposed. The

motion was denied on August 25. The record contains no notice of appeal from that order of denial, and defendant confesses that no such notice has been filed.

Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1986) provides in relevant part as follows:

(1) Except as provided in section 29-2308.01, the proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors under the criminal code, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and, except as otherwise provided in sections 29-2306 and 48-641, by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court.

Neb. Rev. Stat. § 29-2306 (Reissue 1985) deals with waiver of docket fees for cause, and Neb. Rev. Stat. § 48-641 (Reissue 1984) deals with appeals under this state's employment security law; neither provision need concern us here.

Defendant urges that "the 30 day Notice of Appeal requirement does not apply to the Notice of Appeal of Sentence in his case because he eventually filed a Motion to Reconsider Sentence within 120 days of his original sentencing," pursuant to the provisions of Neb. Rev. Stat. § 29-2308.01 (Cum. Supp. 1986). Reply brief for Appellant at 6. As noted in *State v. Spotted Elk, ante* p. 869, 875-76, 420 N.W.2d 707, 712 (1988):

It follows, therefore, that the enactment of § 29-2308.01 in no way alters the jurisdictional significance of the act of filing a notice of appeal. Under subsection (3) of § 25-1912, filing a notice of appeal, together with payment of fees unless fees are waived for cause, removes jurisdiction of the cause from the district

court to this court, "and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional." See, e.g., *State v. Reed*, 226 Neb. 575, 412 N.W.2d 848 (1987); *In re Interest of C.M.H. and M.S.H., ante* p. 446, 418 N.W.2d 226 (1988); *State v. Kelly*, 200 Neb. 276, 263 N.W.2d 457 (1978). Once jurisdiction has been removed to this court, the district court has no jurisdiction over the cause unless and until remand by this court. *State v. Battershaw*, 220 Neb. 661, 371 N.W.2d 313 (1985); *State v. Ditter*, 209 Neb. 452, 308 N.W.2d 350 (1981).

As noted previously in this opinion, defendant was sentenced on May 5, 1987; it is from that judgment that defendant attempted to appeal. *State v. Spotted Elk, supra; In re Interest of Wolkow*, 206 Neb. 512, 293 N.W.2d 851 (1980). The notice of appeal filed June 8, 1987, is beyond the 30-day limit found in § 25-1912(1). It is mandatory and jurisdictional that the notice of appeal be filed within the time required by statute; where a notice of appeal is not filed within 30 days from the entry of the final order appealed from, as required by § 25-1912(1), this court obtains no jurisdiction to hear the appeal, and the appeal must be dismissed. *In re Interest of C.M.H. and M.S.H., ante* p. 446, 418 N.W.2d 226 (1988); *State v. Reed*, 226 Neb. 575, 412 N.W.2d 848 (1987). See, also, *State v. Spotted Elk, supra*.

Accordingly, this purported appeal must be, and hereby is, dismissed.

APPEAL DISMISSED.