STATE OF NEBRASKA, APPELLEE, V. STANLEY R. NASH, APPELLANT.
524 N.W.2d 351

Filed December 2, 1994.   No. S-94-251.

Scott H. Trusdale, of Trusdale & Trusdale, P.C., for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

HASTINGS, C.J.

Stanley R. Nash appeals from the judgment of the district court overruling his motion for new trial. A jury found Nash guilty of second degree murder and use of a weapon to commit a felony by its verdict returned on July 22, 1993. Nash alleges as error the failure of the trial court to instruct the jury on the issue of malice as an element of the crime of second degree murder and the failure to sustain Nash's motion for judgment notwithstanding the verdict based on the lack of evidence to sustain a finding of either intent or malice.

However, Nash has created a procedural morass. He filed a motion for new trial on July 26, 1993, claiming an abuse of discretion by the trial court in sentencing him, that the sentence was not sustained by sufficient evidence, that the sentence was contrary to law, and that there existed newly discovered evidence. The motion was filed within 10 days of the verdict. However, the court did not impose sentence until September 24, 1993, while the motion was pending. The motion for new trial was overruled by journal entry filed February 24, 1994, and the notice of appeal was filed on March 9, 1994, which purported to "appeal the Judgment imposed thereunder in the above-entitled matter . . . ." The notice of appeal was filed within 30 days of overruling the motion for new trial, but some 5 months after imposing sentence, which was the judgment of the court.

This is an appropriate time to caution Nash, and the bar generally, that in a criminal case the judgment occurs when the

verdict and sentence are rendered by the court. A motion for new trial does not toll the running of the 30-day jurisdictional requirement of Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1994). *State v. McCormick and Hall, ante* p. 271, 518 N.W.2d 133 (1994).

> Although § 25-1912(2) provides for the termination of the 30-day limitation period, this terminating provision does not apply to criminal actions. *Spotted Elk, supra.* Thus, the filing of a motion for new trial shall have no effect on the jurisdictional requirement that, in a criminal action, an appealing party must file a notice of appeal within 30 days after the *date of sentencing*.

(Emphasis supplied.) *Id*. at 275, 518 N.W.2d at 137.

> Although the filing of a motion for new trial in a criminal case does not terminate the running of the 30-day period in which a criminal defendant must file a notice of appeal, the Nebraska criminal procedure statutes allow a criminal defendant to file a motion for new trial . . . . It is also apparent from a reading of the relevant statutes that a party who timely files a motion for new trial pursuant to those statutes may appeal from the overruling of such a motion provided that the party complies with § 25-1912(1). In this respect, a party may be able to preserve for appellate review issues which are presented to the district court in a timely filed motion for new trial. We caution, however, that such an appeal will be limited to those issues properly presented to the trial court in the motion.

*Id*. at 275-76, 518 N.W.2d. at 138.

The motion for new trial in this case was filed after verdict, but before sentence and judgment. The motion for new trial related to sentencing, which had not yet occurred.

In *State v. Kolar,* 206 Neb. 619, 620-22, 294 N.W.2d 350, 352 (1980), *overruled on other grounds, State v. Obermier*, 241 Neb. 802, 490 N.W.2d 693 (1992), we said:

> As we have already indicated, the appeal was filed within 1 month after the overruling of the motion for new trial. However, if by reason of the motion for new trial having been filed prior to the formal entry of judgment,

the motion for new trial was a nullity, the appeal should have been filed within 1 month after the rendition of the judgment or decree and it was not.

. . . "We now hold that a motion for new trial filed after the trial court has announced its decision, but before a judgment has been rendered or entered, is effective and does not constitute a nullity *if the record shows that the motion for new trial relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the motion for new trial relates.*" We perceive no reason why we should not adopt a similar rule with regard to a motion for new trial in a criminal case as well, and we now hold that a motion for new trial filed in a criminal case after the trial court has announced its decision, but before a judgment has been entered, is effective and does not constitute a nullity, *if the record shows that the motion for new trial relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered or entered in accordance with the decision which was announced and to which the motion for new trial relates.*

(Emphasis supplied.) Obviously, that exception does not apply in this case, and the filing of a motion for new trial *before the judgment was announced* is a nullity. See *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988). Nash having failed to comply with the requirements of § 25-1912(1), no jurisdiction is conferred on this court, and the appeal must be dismissed.

APPEAL DISMISSED.