STATE OF NEBRASKA, APPELLEE, V. DARREN MCCRACKEN, APPELLANT.

537 N.W.2d 502

Filed September 22, 1995.  No. S-94-916.

P. Stephen Potter for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Darren McCracken appeals his conviction of first degree murder and a sentence of life imprisonment, both of which followed a jury trial in the district court for Gosper County. McCracken filed a motion for a new trial after conviction but before sentencing. In a criminal case, the sentence is the judgment. The appeal was filed 44 days after the sentencing. McCracken appealed the judgment as opposed to appealing the overruling of his motion for a new trial. McCracken has failed to comply with the requirements of Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994) which provides that notice of intent to appeal must be filed in the district court within 30 days of the judgment. Therefore, no jurisdiction is conferred on this court, and McCracken's appeal must be dismissed.

## BACKGROUND

On July 1, 1993, Darren McCracken shot his mother, Vicky Bray, twice in her head as she lay sleeping on the couch in their family home. At the time, McCracken was 13 years of age. Bray died of the gunshot wounds on July 15.

McCracken was charged as a juvenile pursuant to Neb. Rev. Stat. § 43-247(2) (Reissue 1993) on July 1, 1993, in the county court for Gosper County, sitting as a juvenile court. The juvenile petition alleged that McCracken had committed acts which would constitute attempted first degree murder. McCracken sought to admit the allegations to the petition in the juvenile court. The court would not accept such admission. While the petition was pending, the mother died. On November 3, the State moved to dismiss the juvenile petition because it had determined that criminal charges should be filed. The county court granted the State's motion to dismiss the juvenile petition over McCracken's objections.

On November 3, 1993, the State filed an information against

McCracken in the district court for Gosper County alleging that he had killed Bray purposely and with deliberate and premeditated malice, a crime punishable by Neb. Rev. Stat. § 28-303 (Reissue 1989). McCracken's motions to quash the information and for a transfer to juvenile court were overruled.

McCracken's jury trial began on May 24, 1994. The jury reached its verdict of guilty on May 26. On that date, McCracken's counsel made an oral motion for a new trial without specifying on what basis McCracken would seek a new trial. Counsel indicated that McCracken would submit a written motion but that McCracken did not want to take up the motion for a new trial until after sentencing. The court stated that it would deem May 26 as the date the motion for a new trial was made.

On May 31, 1994, McCracken filed a written motion for a new trial for the reasons that (1) the court abused its discretion in sentencing McCracken, (2) the sentence was not sustained by sufficient evidence, (3) the sentence was contrary to law, and (4) newly discovered evidence was available to McCracken. The claim of newly discovered evidence has been abandoned by McCracken.

The sentencing hearing was conducted on August 15, 1994. At the conclusion of the sentencing hearing, the district court decreed that McCracken was guilty of murder in the first degree and pronounced a life sentence. The district court entered its order on the trial docket.

On September 7, 1994, the district court conducted a hearing and denied McCracken's motion for a new trial.

On September 28, 1994, McCracken filed in the district court a notice of intent to appeal his conviction and the judgment imposed at the sentencing hearing held on August 15.

## ASSIGNMENTS OF ERROR

McCracken asserts that the county court erred by refusing to accept his admissions to the allegations in the juvenile petition. McCracken asserts that the district court erred by refusing to grant his motion to quash the information, by refusing to waive jurisdiction and transfer the case back to juvenile court, and by failing to instruct the jury that malice was an element of first

degree murder. McCracken states that his fifth amendment rights to freedom from self-incrimination and to protection from double jeopardy were violated by the juvenile proceedings and the subsequent criminal trial.

## STANDARD OF REVIEW

Whether or not a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but it is the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. *State v. Schmailzl, ante* p. 314, 534 N.W.2d 743 (1995); *State v. Lynch, ante* p. 234, 533 N.W.2d 905 (1995).

Section 25-1912 sets forth the only method by which a party may invoke the jurisdiction of an appellate court to review a criminal case. *State v. Schmailzl, supra*; *State v. McCormick and Hall*, 246 Neb. 271, 518 N.W.2d 133 (1994). Timeliness of an appeal is jurisdictional. *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994); *State v. McCormick and Hall, supra.*

## ANALYSIS

The appeal before us is an appeal from a conviction and sentence. All of the assignments of error relate to that conviction. McCracken has not appealed from the denial of his motion for a new trial.

Section 25-1912(1) provides for a 30-day period in which a criminal defendant must file a notice of appeal. The time for appeal runs from the date the judgment is rendered. *Id.* In a criminal case, the judgment is the sentence. *State v. McDowell, supra*; *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988); *State v. Long*, 205 Neb. 252, 286 N.W.2d 772 (1980).

"Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof . . . ." Neb. Rev. Stat. § 25-1301(2) (Reissue 1989); *State v. McDowell, supra.* The district court pronounced a life sentence upon McCracken and entered that sentence on the trial docket on August 15, 1994. By filing his notice of intent to appeal on September 28, McCracken failed to comply with the 30-day filing requirement which began to run on August 15. In his notice of intent to

appeal, McCracken clearly stated that he was appealing his conviction and sentence rather than the denial of his motion for a new trial.

Further, McCracken's motion for a new trial failed to gain him additional time in which to perfect his appeal. In criminal cases, a motion for a new trial does not toll the running of the 30-day jurisdictional requirement of § 25-1912. *State v. Nash*, 246 Neb. 1030, 524 N.W.2d 351 (1994); *State v. McCormick and Hall, supra.*

Although McCracken failed to timely appeal from the judgment, he could have preserved issues for appellate review with a timely appeal from the denial of his motion for a new trial. See *State v. McCormick and Hall, supra.* The denial of a motion for a new trial is a separate proceeding from an order entering a judgment. A party may be able to preserve for appellate review issues which are presented to the district court in a timely filed motion for new trial although he failed to file a timely notice of appeal from the judgment entering the verdict and sentence. *State v. Nash, supra*; *State v. McCormick and Hall, supra.*

McCracken's motion for a new trial was not timely filed. McCracken's written motion for a new trial requested a new trial for the reasons that the court abused its discretion in sentencing the defendant, the sentence was not sustained by sufficient evidence, and the sentence was contrary to law. However, when McCracken filed his motion in May 1994, he had not yet been sentenced and the court's judgment had not been announced. A motion for a new trial filed before the judgment is announced is a nullity. *State v. Nash, supra*; *State v. Spotted Elk, supra*; *State v. Kolar*, 206 Neb. 619, 294 N.W.2d 350 (1980), *overruled on other grounds, State v. Obermier*, 241 Neb. 802, 490 N.W.2d 693 (1992).

## CONCLUSION

McCracken having failed to comply with the requirements of § 25-1912(1), no jurisdiction is conferred upon this court. An appellate court can address the merits of an appeal only if the court has jurisdiction. *Manske v. Manske*, 246 Neb 314, 518 N.W.2d 144 (1994); *Nebraska State Bar Found. v. Lancaster*

*Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). The appeal must be dismissed.

APPEAL DISMISSED.