STATE OF NEBRASKA, APPELLEE, V. ERIC L. WILCOX, APPELLANT.

623 N.W.2d 329

Filed February 6, 2001.   No. A-00-1131.

Kristen D. Mickey, of Sorensen, Zimmerman & Mickey, P.C., for appellant.

Don Stenberg, Attorney General, for appellee.

HANNON, SIEVERS, and MOORE, Judges.

HANNON, Judge.

In this case, we are presented with a transcript, as supplemented upon our request, which shows that the defendant, Eric L. Wilcox, was sentenced by the county court for Scotts Bluff County for driving while under the influence of alcoholic liquor (DUI). He appealed the sentence to the district court, and the sentence was affirmed. He appeals the same issue to this court.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000); *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000). Unfortunately, we are obligated to find that neither the district court nor this court has jurisdiction in this appeal because the county court did not enter the judgment of conviction and sentence in the manner required by Neb. Rev. Stat. § 25-2729(3) (Supp. 1999). Accordingly, we dismiss this appeal and direct the district court to vacate its order affirming the county court's order and to dismiss Wilcox's appeal.

The transcript shows that the county court used one preprinted form to record its judgment of conviction and its sentence. By filling in blanks, the court recorded the events of the trial and its judgment of guilt on the top half of the form, under the date of April 7, 2000, and by filling in similar blanks on the bottom half of the form, it recorded the sentence imposed upon Wilcox. There is no file stamp on the document.

The notice of appeal bears a stamp stating "FILED" with the date "JUN 0 [sic] 2000," appearing immediately below the word "FILED" and the words "SCOTTSBLUFF COUNTY JUDGE" immediately below the date. There is a separate order setting bond which is dated June 8, 2000, and bears a file stamp near the center of the page which appears to be the same stamp as used on the notice of appeal, but the stamped date thereupon is "JUN 06 2000." Near the judge's signature on this document, there appears the stamped seal of the Scotts Bluff County Court. The

transcript also contains the appropriate documents necessary to perfect an appeal to the district court. There is also a signed journal of the district court for Scotts Bluff County in which that court found that the sentence of the county court was proper and ordered it to be affirmed. This document bears a stamp stating "FILED <u>Nov. 1</u> 2000," with a stamped signature of the clerk thereunder and the words "CLERK OF THE DIST COURT" under that signature. The notice of appeal to this court bears a file stamp stating: "<u>Oct 30</u> 20<u>00</u>, Ann Rosenberry" with the words "CLERK OF THE DIST. COURT BY Santos Castro DEPUTY."

The jurisdictional problem arises because the documents purporting to be the judgment of the county court have not been entered in accordance with the current version of § 25-2729 (Cum. Supp. 2000) or the previous version found in the 1999 supplement to the Nebraska Revised Statutes. We are also concerned by the possible confusion that is likely to result from the various file stamps used by the Scotts Bluff County Court, which are perhaps used in other counties, because those stamps do not clearly provide evidence that the clerk of that court has complied with the version of § 25-2729 that has been effective since August 28, 1999.

Section 25-2729(3) provides:

> The entry of a judgment or final order occurs when the clerk of the court places the file stamp and date upon the judgment or final order. For purposes of determining the time for appeal, the date stamped on the judgment or final order shall be the date of entry.

Before that provision became effective on August 28, 1999, § 25-2729(3) (Reissue 1995) provided:

> The time of rendition of a judgment or making of a final order is the time at which the action of the judge in announcing the judgment or final order is noted on the trial docket or, if the action is not noted on the trial docket, the time at which the journal entry of the action is signed by the judge and filed.

Section 25-2729(1) (Reissue 1995) provided that the notice of appeal and docket fee must be filed within 30 days after the "rendition of the judgment."

■ When that statute was modified in 1999, subsection (1) was modified to provide that the notice of appeal must be filed and the docket fee paid within 30 days after the "entry of the judgment." At the same time, similar changes were made for the entry of final orders in the district courts. See Neb. Rev. Stat. §§ 25-1301 and 25-1912 (Supp. 1999). These statutes necessarily mandate that trial courts change their procedures for rendering and entering orders which are intended to be final orders. Unfortunately, the trial courts have been slow to perceive the changes and to adopt procedures which will readily evidence their compliance with the new statutory procedure. This case is merely one of the many instances where we have had to unnecessarily wrestle with jurisdictional issues created by less than full compliance by court clerks and trial judges with the clear statutory requirements of § 25-2729(3) (Cum. Supp. 2000).

■ Section 25-2729(3) clearly provides that a judgment is entered when the "clerk of the court places the file stamp and date upon [it]." The 1995 version provided that a judgment was entered when it was filed. Under that version, evidence that the document was left with the clerk would perhaps have justified a finding by this court that the document was "filed" with the clerk when it was left with the court and hence that the final step toward making the order final had been accomplished. However, the present version of the statute provides that the judgment is entered when the clerk places the file stamp and date upon it. In the latter case, it makes no difference when the clerk might have obtained possession of the document, but only when the clerk placed the file stamp and date upon it. Where there is no evidence in the transcript that the clerk has placed the file stamp and date upon an intended order, there is no evidence that the judgment was entered. Such is the situation in this case. We therefore have no alternative but to dismiss this appeal for lack of jurisdiction.

We would also like to encourage trial courts to obtain stamps which clearly show to the personnel of this court, or other interested persons, that the clerk has placed a file stamp and date upon the judgment or order in compliance with § 25-2729. The stamps applied to the document in this case are merely a case in point. A stamp which states "county judge" or "county court"

applied to a document, even with the date, arguably does not show compliance with § 25-2729 because it does not show that the clerk of the court has placed the stamp and date upon the document. Stamps which were adequate under previous versions of this statute do not necessarily comply with the current version of § 25-2729 or with § 25-1301. A file stamp which states something to the effect of "filed by the clerk of court on [date]" would seem to be what is needed under § 25-2729(3). The stamps used by the clerk of the district court in this case are examples of helpful file stamps.

We also observe that § 25-2729(5) provides:

> A notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment or final order shall be treated as filed or deposited after the entry of the judgment or final order and on the day of entry.

This provision is obviously intended to allow clerks to correct any oversight in file stamping final orders by doing so when the absence is called to the clerk's attention and to recertify the order in an amended transcript to show the file stamp.

Because the district court did not have jurisdiction to decide Wilcox's appeal, this court likewise does not have jurisdiction, and we dismiss this appeal. We nonetheless have the jurisdiction to require the district court to vacate its order and to dismiss the appeal from the county court. See *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992).

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTION.