STATE OF NEBRASKA, APPELLEE, V.
RAYMOND V. WAHRMAN, APPELLANT.
644 N.W.2d 572

Filed April 30, 2002.   No. A-01-1405.

Leonard P. Vyhnalek for appellant.

Raymond V. Wahrman, pro se.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

IRWIN, Chief Judge, and HANNON and SIEVERS, Judges.

HANNON, Judge.
This case is another example of the great waste of judicial resources in this state which results from the failure of the clerks

of trial courts to enter judgments rendered in the various trial courts in accordance with Neb. Rev. Stat. §§ 25-1301(3) and 25-2729(3) (Cum. Supp. 2000) by placing a file stamp and date upon such judgment or final order. We point out that under Neb. Rev. Stat. § 25-2214 (Reissue 1995), clerks perform their duties under the direction of the court. Inefficiencies such as in this case arise in large part due to the failure of the judges and lawyers participating in specific litigation to see that the judgments rendered by the court are in fact entered.

This case was a criminal prosecution in the county court for Red Willow County. A trial was had on April 18, 2001, and a judgment of conviction and sentence was rendered by the judge on an unknown date, but probably April 18. A notice of appeal was filed on April 18, and the district court filing fee was paid on April 19. A withdrawal of notice of appeal was filed by the defendant's attorney on April 30, and a motion for new trial was filed on the same date. By an order which was both rendered and entered on May 7, the county court denied the motion to withdraw the appeal and the motion for new trial on the basis that the county court had no jurisdiction because of the appeal to the district court. The matter came on for hearing in the district court, and briefs on file show there was serious contest on the legal point in that court. A decision was rendered by the district court and entered by the court clerk on November 14, 2001.

■ Sections 25-1301(3) and 25-2729(3) provide that a judgment is entered by the clerk of the court by placing the file stamp and date upon a rendered judgment. It follows that without the clerk's doing so, the judgment has not been entered. In going through the normal routine of checking the files of this court, it was observed that the order finding the defendant guilty and sentencing him had never been entered by the clerk of the county court. An order to show cause was entered, and thereafter, we were presented with an amended transcript of the county court via the district court which shows that the order of conviction and sentence was filed on February 15, 2002. The inner workings of statutory provisions and applicable case law justifies publication of this opinion.

The judgment convicting and sentencing the defendant was not entered and therefore was not effective until February 15,

2002. Therefore, on November 14, 2001, when the district court affirmed the county court's decision, the district court did not have jurisdiction, and that action is a nullity. See *State v. Wilcox*, 9 Neb. App. 933, 623 N.W.2d 329 (2001).

■ Section 25-2729(5) provides:

> A notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment or final order shall be treated as filed or deposited after the entry of the judgment or final order and on the day of entry.

At first blush, it would therefore appear that under that statute, the notice of appeal filed April 18, 2001, which clearly refers to the judgment which was rendered but not entered on that date, would be effective when the judgment was rendered on February 15, 2002. However, on April 30, 2001, the defendant had filed a withdrawal of notice of appeal and on the same date filed a motion for new trial. The trial court originally denied these actions because it felt the district court had jurisdiction. This might have been true had the judgment of conviction and sentence been entered, but since it was not, the county court had jurisdiction. However, the motion for new trial was just as premature as the notice of appeal.

■ A motion for new trial filed after the trial court announces its decision but before judgment is effective if the record shows that the motion relates to the decision which had been announced by the trial court and the record shows that the judgment was subsequently entered in accordance with the decision which was announced. See, *Reutzel v. Reutzel*, 252 Neb. 354, 562 N.W.2d 351 (1997); *Pfeiffer v. Pfeiffer*, 203 Neb. 137, 277 N.W.2d 575 (1979). The record satisfies this requirement. While the order disposing of the motion for new trial did say that it was denied, the order also says it was denied for lack of jurisdiction, and therefore, there has been no ruling upon that motion for new trial. There is therefore a valid motion for new trial which is effective as of February 15, 2002. The notice of appeal had been withdrawn before it was effective, and therefore as the matter now stands, neither this court nor the district court has jurisdiction of the case and that motion for new trial is still pending in the county court. This court does not consider what, if any, issues might be viable under that motion.

Because the district court did not have jurisdiction, this court does not have jurisdiction, and we dismiss the appeal. We nevertheless have jurisdiction to require the district court to vacate its order and to dismiss the appeal from county court, which we do.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.