16 Neb. App. 368
STATE OF NEBRASKA, APPELLANT,
v.
DENNIS E. SOLOMON, APPELLEE.
No. A-07-297.
Court of Appeals of Nebraska.
Filed January 29, 2008.
Donald W. Kleine, Douglas County Attorney, and Jennifer Meckna for appellant.
Robert M. Schartz and Michael G. Monday, of Sodoro, Daly & Sodoro, P.C., for appellee.
IRWIN, SIEVERS, and MOORE, Judges.
SIEVERS, Judge.
After Dennis E. Solomon pled guilty to the underlying offense of driving while under the influence (DUI), a hearing was held to determine the validity for enhancement purposes of one of Solomon's three prior convictions for DUI. The district court found that one of the prior convictions was not a valid conviction for enhancement purposes, due to the lack of a file stamp on the docket entry or the order of probation. We granted the State's application to docket error proceedings, and the State now appeals the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND
On June 27, 2006, the Douglas County Attorney filed an information charging Solomon with DUI, fourth offense. In its information, the State alleged that the charge of DUI, fourth offense, is justified because Solomon was previously convicted of DUI on February 2, 1998, June 9, 2004, and July 9, 2005.
Solomon pled guilty to DUI, and the district court accepted Solomon's plea. At the enhancement hearing, the State offered certified copies of the three prior convictions. Solomon did not object to the 2004 or 2005 convictions, and they are not at issue here. However, Solomon moved to quash the 1998 conviction, arguing that the county court judge in the 2004 and 2005 convictions found that the 1998 conviction was not valid for enhancement purposes, thereby raising a claim of collateral estoppel, sometimes referred to as issue preclusion, or res judicata. Solomon also argued that Neb. Rev. Stat. § 25-2729 (Reissue 1995) and State v. Wilcox, 9 Neb. App. 933, 623 N.W.2d 329 (2001), require that the journal entry for the 1998 conviction be file stamped to be a final, appealable order, which it was not, making such invalid for enhancement purposes.
The district court sustained Solomon's objection to using the 1998 conviction for enhancement purposes, because the guilty finding in that case did not contain a file stamp and date. As a result, the district court found Solomon guilty of DUI, third offense. The district court later sentenced Solomon to 2 years of intensive supervision probation, with the first 30 days to be spent in the Douglas County Correctional Center.

ASSIGNMENTS OF ERROR
The State alleges that the district court erred in finding that the 1998 prior conviction was invalid for enhancement purposes due to the lack of a file stamp on the journal entry or order of probation.

STANDARD OF REVIEW
[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. State v. Alba, 270 Neb. 656, 707 N.W.2d 402 (2005).

ANALYSIS
The bill of exceptions before us contains the following documents regarding Solomon's 1998 conviction, all of which bear the file number 97-35208: a file-stamped complaint and information dated December 10, 1997, charging Solomon with DUI; a signed journal entry and order dated February 2, 1998, showing that Solomon pled guilty to DUI and was sentenced to probation; and a signed order of probation dated February 2, 1998. These latter two documents are not file stamped. Finally, there is a file-stamped "Satisfaction of Judgment and Sentence" dated September 24, 1998.
The district court stated that Iblecause [exhibit 1] does not contain [a file] stamp, it is not possible to conclude that the entry of judgment or final order did occur in [the February 1998] prosecution, even though there is another entry indicating that [Solomon] completed a probationary sentence." The district court based its decision on State v. Wilcox, supra, and "the statute." We presume the district court was referring to § 25-2729(3), which we discussed in State v. Wilcox, supra.
However, the district court's reliance on State v. Wilcox, supra, is misplaced, because Wilcox relied on § 25-2729(3) (Cum. Supp. 2000), a version which became effective on August 28, 1999after Solomon's 1998 conviction. The version of the statute discussed in Wilcox provides in part:
The entry of a judgment or final order occurs when the clerk of the court places the file stamp and date upon the judgment or final order. For purposes of determining the time for appeal, the date stamped on the judgment or final order shall be the date of entry.
§ 25-2729(3) (Cum. Supp. 2000). That statute's counterpart, Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2000), also did not become effective until August 28, 1999. That version of § 25-1301 provides in part:
(2) Rendition of a judgment is the act of the court, or a judge thereof, in making and signing a written notation of the relief granted or denied in an action.
(3) The entry of a judgment, decree, or final order occurs when the clerk of the court places the file stamp and date upon the judgment, decree, or final order. For purposes of determining the time for appeal, the date stamped on the judgment, decree, or final order shall be the date of entry.
[2,3] Solomon's 1998 conviction occurred prior to August 28, 1999. Therefore, we look to the versions of the statutes that were in effect at the time of Solomon's 1998 conviction. In 1998, § 25-2729(3) (Reissue 1995) provided:
The time of rendition of a judgment or making of a final order is the time at which the action of the judge in announcing the judgment or final order is noted on the trial docket or, if the action is not noted on the trial docket, the time at which the journal entry of the action is signed by the judge and filed.
And § 25-1301 (Reissue 1995) provided in part:
(2) Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.
(3) Entry of a judgment is the act of the clerk of the court in spreading the proceedings had and the relief granted or denied on the journal of the court.
Thus, at the time of Solomon's conviction in 1998, neither § 25-2729 nor § 25-1301 specifically required a file stamp for entry of judgment. Our record contains a signed journal entry and order dated February 2, 1998, showing that Solomon pled guilty to DUI and was sentenced to probation. A journal entry signed by the judge and filed is all that § 25-2729(3) required for a final order in 1998. And exhibit 1, containing the pleadings and orders from the 1998 conviction, was a certified copy of "the original record on file in the Douglas County Court." Thus, the February 2, 1998, journal entry was signed by a judge and filed. Because the 1998 conviction complies with § 25-2729, it was valid for enhancement purposes. As a result, Solomon had three prior convictions, and the June 27, 2006, charge should have resulted in a conviction for DUI, fourth offense.
In his brief, Solomon argues that even if the district court erred in finding that Solomon's 1998 conviction is invalid for enhancement purposes, the State is collaterally estopped from using the conviction for enhancement. We disagree.
Collateral estoppel may be applied where an identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the doctrine is to be applied is a party or is in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior litigation. State v. Gerdes, 233 Neb. 528, 446 N.W.2d 224 (1989). However, the record before us is insufficient to show that the identical issue was decided in a prior action or even that there was an opportunity to fully and fairly litigate the issue in the prior litigation. For instance, we do not know if in the 2004 case, a "second offense" original charge was dropped in exchange for a guilty plea to DUI, first offense. And for the 2005 case, our record shows only that (1) the information charging Solomon with DUI, third offense, alleged prior convictions in 1998 and 2004, and (2) at trial, the court received two out of three exhibits offered. However, the record is not clear as to the content of the exhibits offered and received in the 2005 case. Thus, we cannot say with certainty that Solomon's 1998 conviction was not used to enhance his 2005 conviction. Given these shortcomings in the evidentiary record, Solomon has not established the prerequisites for a collateral estoppel argument to prevent use of the 1998 conviction in his prosecution.

CONCLUSION
For the reasons stated above, we find that Solomon's 1998 conviction is valid for enhancement purposes. As a result, Solomon had three prior convictions, and the June 27, 2006, charge should have resulted in a conviction for DUI, fourth offense. Therefore, we vacate the sentence and remand this cause to the district court for resentencing of Solomon for DUI, fourth offense. See State v. Nelson, 262 Neb. 896, 636 N.W.2d 620 (2001) (holding that state and federal double jeopardy provisions do not prohibit habitual criminal enhancement on remand from appellate court).
SENTENCE VACATED, AND CAUSE REMANDED FOR RESENTENCING.