Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/06/2017 09:08 AM CST

State of Nebraska, appellee, v.
Felix Arizola, appellant.
___ N.W.2d ___

Filed January 6, 2017.    No. S-16-077.

1. **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protection is a question of law that an appellate court reviews independently of the trial court's determination.

2. **Trial: Investigative Stops: Warrantless Searches: Appeal and Error.** The ultimate determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search are reviewed de novo, and findings of fact are reviewed for clear error, giving due weight to the inferences drawn from those facts by the trial judge.

3. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.

4. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.

5. **Judgments: Pleadings: Appeal and Error.** Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court.

6. **Constitutional Law: Statutes: Judgments: Appeal and Error.** The constitutionality and construction of a statute are questions of law, regarding which an appellate court is obligated to reach conclusions independent of those reached by the court below.

7. **Constitutional Law: Statutes: Pleadings.** When a statute is utilized by the court in sentencing a defendant, the defendant is not required

to challenge the constitutionality of this statute in his or her motion to quash.

8. **Constitutional Law: Criminal Law: Statutes.** The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

9. **Judgments: Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

10. **Constitutional Law: Statutes.** The test for determining whether a statute is vague is whether it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and may differ as to its application.

11. ____: ____. A statute will not be deemed vague if it uses ordinary terms which find adequate interpretation in common usage and understanding.

12. **Due Process.** The Due Process Clause applies when government action deprives a person of liberty or property; accordingly, when there is a claimed denial of due process, a court must consider the nature of the individual's claimed interest.

13. **Criminal Law: Due Process: Notice.** In the context of criminal proceedings, due process generally requires the defendant be given notice and an adequate opportunity to defend himself or herself.

14. **Sentences: Due Process.** Due process requires that a sentencing judge have relevant information as the basis for a sentence imposed on a convicted defendant.

15. **Sentences: Evidence.** In a sentencing hearing, a court generally has broad discretion concerning the source of information and the type of information to be considered.

16. **Sentences: Evidence: Presentence Reports.** A sentencing judge may consider relevant information contained in a presentence report on the defendant to determine an appropriate sentence within the statutorily authorized penalty, punishment, or disposition applicable to the crime for which the defendant has been convicted.

17. **Prior Convictions: Records.** A certified or duly authenticated copy of the former judgment, from any court in which such judgment was had, for any of such crimes formerly committed by the party so charged, shall be competent and prima facie evidence of such former judgment.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Nathan Sohriakoff for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Kelch, and Funke, JJ., and Inbody, Judge.

Heavican, C.J.

## I. INTRODUCTION

Felix Arizola was found guilty of refusal of a chemical test, with two prior convictions, a Class IIIA felony under Neb. Rev. Stat. §§ 60-6,197 (Cum. Supp. 2016) and 60-6,197.03(6) (Cum. Supp. 2014). Arizola filed various pretrial and posttrial motions, including a motion to suppress, a motion to quash, a motion for plea in abatement, a second motion to quash, and a motion for plea in bar. All were denied.

The primary issues on appeal are Arizola's contention that the traffic stop was conducted without reasonable suspicion and hence should be suppressed and that Neb. Rev. Stat. § 60-6,197.09 (Cum. Supp. 2016) and related statutes are unconstitutional because they are void for vagueness. Arizola also argues that he was denied due process when he was denied probation under § 60-6,197.09, because the lower court failed to give him a meaningful opportunity to challenge whether he committed another driving under the influence (DUI) offense for which he was participating in criminal proceedings when the present violation was committed. This appeal is a companion case to *State v. Wagner*.[1] We affirm.

## II. BACKGROUND

### 1. Initial Stop

On June 18, 2014, at approximately 11:46 p.m., Officer Joseph Villamonte of the Lincoln Police Department observed

---

[1] *State v. Wagner, ante* p. 132, ___ N.W.2d ___ (2016).

a vehicle driving westbound in the 3600 block of Adams Street. Villamonte ran the license plate number through the police department's information system to check for suspension or warrants. The license plate was registered to Arizola, who had been cited while driving the vehicle in 2013. The police report did not indicate the reason for this citation, but the record otherwise shows that Arizola was cited in 2013 for improper registration and for violating the speed limit. The system also indicated that Arizola's operator's license had been revoked. Villamonte testified that he pulled his cruiser alongside the passenger side of the vehicle at a stoplight and positively identified Arizola as the driver from his "book-in" and "DMV" photographs contained in the system.

Villamonte then initiated a traffic stop of Arizola's vehicle. He informed Arizola of the reason for the stop and requested identification. Arizola provided a Nebraska identification card. After Villamonte received identification from Arizola, he ran further checks on Arizola through the system. Villamonte checked Arizola's operator's license status and discovered that Arizola had two prior DUI convictions from 2002 and 2008, multiple convictions for driving under suspension, and a failure to appear conviction.

Villamonte asked Arizola to step out of the vehicle and proceeded to conduct a search of Arizola's pockets. Arizola smelled of alcohol, had watery and bloodshot eyes, and made statements that caused Villamonte to believe Arizola was impaired. Another officer who had arrived at the scene observed an open container of beer with a small amount of alcohol in it on the driver's side floorboard of Arizola's vehicle. A search was then conducted of the vehicle. The beer bottle was cool to the touch. A review of the record indicates that the beer bottle was the only item seized during the stop.

Villamonte took Arizola into custody for driving under a revoked license and transported Arizola to the police station. Upon arrival at the police station, Arizola was advised that he

would also be processed for a DUI. Villamonte requested that Arizola take a breath test, but Arizola refused.

## 2. CRIMINAL CHARGES AND
## PRETRIAL MOTIONS

On August 22, 2014, Arizola was charged under Neb. Rev. Stat. § 60-6,196 (Reissue 2010) and § 60-6,197.03(6) with DUI with refusal of a chemical test, with two prior convictions, a Class IIIA felony. The two prior convictions included to enhance the sentence were a DUI on or about July 13, 2007, and another occurring on or about October 20, 2001.

On December 3, 2014, Arizola filed a motion to suppress his statements, the stop, and any evidence seized from that stop. Arizola alleged that the officers lacked probable cause or a reasonable articulable suspicion to stop his vehicle and detain him, and thus violated his rights under the 4th, 5th, 6th, and 14th Amendments to the U.S. Constitution and under Neb. Const. art. I, §§ 7 and 12.

On February 20, 2015, the State filed an amended information. The amended information charged Arizola with refusal with two prior convictions, a Class IIIA felony under §§ 60-6,197 and 60-6,197.03(6). Because the amended information charged a new crime—specifically § 60-6,197—the court held a preliminary hearing. At that hearing, Villamonte testified and the State offered evidence of Arizola's two prior DUI convictions, as well as a copy of his driver's abstract. After the hearing, the court found there was probable cause to believe that Arizola committed the crime of refusal with two prior convictions.

On March 25, 2015, Arizola filed a plea in abatement alleging that there was insufficient evidence adduced at the preliminary hearing to warrant a finding of probable cause of the felony charge of refusal of a chemical test with two prior convictions. On the same date, Arizola filed a motion to quash, alleging issues relating to the enhancement of his sentence and conviction for third-offense DUI.

On June 12, 2015, the district court denied Arizola's plea in abatement, because there was probable cause to believe that a crime had been committed and that Arizola had committed the crime. In addition, the district court overruled Arizola's motion to quash, because the issue was premature. The court reasoned that a motion to quash for enhancement issues is not ripe until there is a conviction to which the enhancement should apply.

On August 31, 2015, the district court held a hearing on Arizola's motion to suppress. At the hearing, Villamonte testified that when he works patrol, he actively runs license plate numbers through the information system "to identify registration violations, wanted vehicles or suspended drivers."

Arizola called an investigator for the Lancaster County public defender's office who had investigated, under similar conditions, whether it was possible to positively identify the driver of Arizola's vehicle through the passenger window of a vehicle alongside it. The investigator testified that due to the window tinting on Arizola's vehicle and the lighting conditions on the street at night, he was unable to positively identify the driver in Arizola's vehicle.

The district court overruled Arizola's motion to suppress, because the traffic stop was not an illegal seizure and the search incident to the traffic stop and arrest was lawful. The court reasoned that once Villamonte confirmed it was Arizola driving the vehicle and that Arizola's license was revoked, Villamonte had probable cause to arrest him. And once there was a valid arrest, the search of Arizola's person and vehicle incident to that arrest was valid because it was limited to the area within Arizola's "'immediate control.'" The court also held that Arizola's statements were voluntary and admissible because there was "no force, no threat of force or any type of coercion used by the officers to elicit responses to their questions during the stop."

On November 25, 2015, following a bench trial on stipulated facts, Arizola was found guilty of refusal of a chemical test in violation of § 60-6,197.

### 3. Posttrial Motions

On December 3, 2015, prior to sentencing, Arizola filed a plea in bar and a second motion to quash. The plea in bar alleged that by utilizing the single act of refusing to submit to a chemical test to "justify increasing/aggravating" the underlying offense of refusal to submit to a chemical test, the State was subjecting Arizola to multiple punishments for an identical offense, in violation of the Double Jeopardy Clauses of both the federal and state Constitutions.

The motion to quash alleged that (1) the offense of refusal to submit to a chemical test was improperly charged as a felony offense; (2) Neb. Rev. Stat. § 60-6,197.02 (Cum. Supp. 2016) and § 60-6,197.03(6) and related statutes are unconstitutionally vague and overbroad, in violation of the Due Process Clauses[2] and Nebraska's separation of powers clause[3]; (3) Arizola's conviction violated due process because, as alleged, the State was attempting to punish Arizola as a repeat offender despite the fact that Arizola had never previously committed the offense of refusal to submit; (4) Arizola's conviction was cruel and unusual punishment, and his punishment was disproportionate to the nature of the offense; and (5) the Class IIIA felony violated the Double Jeopardy Clauses.[4]

On January 22, 2016, the district court denied Arizola's plea in bar and motion to quash. The court found Arizola's double jeopardy claims to be without merit because the enhancement resulted from his two prior offenses, not the current offense, and there was "nothing ambiguous about the language" of § 60-6,197.03. The district court further found that there was "nothing vague about the terminology when common sense and general knowledge are applied."

In addition, the district court rejected Arizola's claims that his due process rights were violated because he was being

---

[2] See, U.S. Const. amend. V; Neb. Const. art. I, § 3.

[3] See Neb. Const. art. II, § 1.

[4] See, U.S. Const. amend. V; Neb. Const. art. I, § 12.

punished as a repeat offender. Specifically, the court noted that Arizola did not cite to authority holding that due process requires that the penalty for a crime be enhanced only by a prior conviction for the same crime. Rather, case law indicated that habitual criminality in general could be used to increase the punishment.

The court further found that Arizola had been convicted of DUI on two prior occasions and therefore found Arizola guilty of refusal of a chemical test with two prior convictions. At the sentencing hearing, the court found that § 60-6,197.09 was applicable to Arizola due to proof that the proceedings for a third-offense DUI were pending when the DUI at issue was committed. Therefore, the court found that Arizola was not eligible for probation. Arizola was sentenced to 365 days in jail, he was ordered not to drive for 45 days, and his operator's license was revoked for 15 years. Arizola appeals.

## III. ASSIGNMENTS OF ERROR

Arizola assigns, restated and consolidated, that the Lancaster County District Court erred in (1) overruling his motion to suppress the traffic stop, (2) overruling his plea in bar, (3) overruling his motion to quash, and (4) failing to find that § 60-6,197.09 was unconstitutional.

## IV. STANDARD OF REVIEW

[1,2] In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protection is a question of law that an appellate court reviews independently of the trial court's determination.[5] The ultimate determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search are reviewed de

---

[5] *State v. Woldt*, 293 Neb. 265, 876 N.W.2d 891 (2016).

novo, and findings of fact are reviewed for clear error, giving due weight to the inferences drawn from those facts by the trial judge.[6]

[3,4] Issues regarding the grant or denial of a plea in bar are questions of law.[7] On a question of law, an appellate court reaches a conclusion independent of the court below.[8]

[5] Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court.[9]

[6] The constitutionality and construction of a statute are questions of law, regarding which we are obligated to reach conclusions independent of those reached by the court below.[10]

## V. ANALYSIS

### 1. MOTION TO SUPPRESS

Arizola first assigns that the district court erred in overruling his motion to suppress the traffic stop because there was no reasonable articulable suspicion to justify the stop of Arizola's vehicle.

The district court found that Villamonte was able to identify Arizola after pulling his cruiser alongside Arizola's vehicle at an intersection. In the alternative, the district court held that according to *U.S. v. Chartier*,[11] it was reasonable for Villamonte to stop the vehicle when the registered owner did not have a currently valid operator's license, even without further grounds to make the stop. Accordingly, the district court held that the traffic stop was not a violation of the Fourth Amendment.

---

[6] *Id.*

[7] *State v. Lavalleur*, 292 Neb. 424, 873 N.W.2d 155 (2016).

[8] *Id.*

[9] *State v. Gozzola*, 273 Neb. 309, 729 N.W.2d 87 (2007).

[10] *State v. Perina*, 282 Neb. 463, 804 N.W.2d 164 (2011).

[11] *U.S. v. Chartier*, 772 F.3d 539 (8th Cir. 2014).

We need not reach the issue of whether Villamonte's computer search was sufficient, reasonable suspicion for the stop, because we conclude that Villamonte's testimony that he identified Arizola was sufficient to support the district court's finding of reasonable suspicion.

At a hearing to suppress evidence, the court, as the trier of fact, is the sole judge of the credibility of witnesses and the weight to be given to their testimony and other evidence. In reviewing a court's ruling as the result of a suppression hearing, an appellate court will not reweigh or resolve conflicts in the evidence, but will uphold the trial court's findings of fact unless those findings are clearly wrong.[12] In determining whether a trial court's findings on a motion to suppress are clearly erroneous, an appellate court recognizes the trial court as the "'trier of fact'" and takes into consideration that the trial court has observed witnesses testifying regarding such motion to suppress.[13]

In this case, at the hearing on the motion to suppress, Villamonte and Arizola's investigator presented conflicting evidence. Villamonte testified that he pulled his cruiser along the passenger side of Arizola's vehicle and identified Arizola as the driver based on a photograph in the police department's information system. But the investigator testified that due to the window tinting on Arizola's vehicle and the lighting conditions on the street at night, Villamonte would not have been able to identify the driver of the vehicle.

When examining the district court's order, it is clear that the district court credited Villamonte's testimony and implicitly found that Villamonte was able to identify Arizola. The district court specifically noted that Villamonte was able to identify Arizola. This factual question by the district court is not clearly wrong.

---

[12] *State v. Davis*, 231 Neb. 878, 438 N.W.2d 772 (1989).

[13] *State v. Dixon*, 222 Neb. 787, 795, 387 N.W.2d 682, 687 (1986).

We conclude that Villamonte had reasonable suspicion to stop Arizola. Arizola's first assignment of error is without merit.

## 2. Remaining Assignments of Error

### (a) Plea in Bar and Motions to Quash

Arizola assigns that the district court erred in overruling his plea in bar. Arizola argues that the State used the offense of refusal to submit to a chemical test under §§ 60-6,197 and 60-6,197.03(6) both as a material element of the underlying refusal offense and as a sentencing aggravator, in violation of the Nebraska and U.S. Constitutions' Double Jeopardy Clauses.

Arizola also assigns that the district court erred in overruling his motion to quash, because the State (1) improperly charged him with a violation of § 60-6,197.03(6), as opposed to the proper charge under § 60-6,197.03(4); (2) used the same fact—the refusal to submit to a chemical test—to prove both the predicate offense of refusal to submit under § 60-6,197(3) and as an enhancement or aggravator under § 60-6,197.03(6), which violates double jeopardy; (3) used the fact of refusal to prove the predicate offense and to prove the enhancer, in violation of due process; (4) charged this conduct as a Class IIIA felony, which violates the prohibition against cruel and unusual punishment because it results in a punishment which is disproportionate to the predicate offense of refusal to submit to a chemical test; and (5) charged Arizola as a repeat offender under §§ 60-6,197.02 and 60-6,197.03(6), a violation of due process because it punishes Arizola as a repeat offender for the offense of refusal to submit to a chemical test.

All of these arguments were raised and rejected in our opinion in *State v. Wagner*.[14] We recognize that Arizola was

---

[14] *State v. Wagner, supra* note 1.

charged under § 60-6,197.03(6), while the defendants in *Wagner* were charged under § 60-6,197.03(8), but we conclude that this difference in charging does not change the applicability of our reasoning in *Wagner* to this case. Arizola's second and third assignments of error are without merit.

### (b) Vagueness and Overbreadth

Arizola also argues that the statutory scheme found at §§ 60-6,197.02 and 60-6,197.03(6) is unconstitutionally vague and overbroad, in violation of the Due Process Clauses[15] and in violation of the separation of powers clause.[16] We held in *Wagner* that § 60-6,197.03(8) was not unconstitutionally vague. Based on the reasoning set forth in *Wagner*, we similarly hold that § 60-6,197.03(6) is not unconstitutionally vague here.

We did not discuss overbreadth in *Wagner*. The district court did not address overbreadth in this case because while Arizola raised the issues of overbreadth and vagueness in his motion to quash, he did not further argue his claim for overbreadth. Rather, he provided support only for his vagueness argument. Therefore, we also will not discuss overbreadth in this case, because we find that it has not been preserved for review.

### 3. Constitutionality of § 60-6,197.09

On appeal, Arizola challenges for the first time the constitutionality of § 60-6,197.09, which the district court applied in its sentencing order denying Arizola probation. Section 60-6,197.09 states:

> Notwithstanding the provisions of section 60-6,197.03, a person who commits a violation punishable under subdivision (3)(b) or (c) of section 28-306 or subdivision

---

[15] U.S. Const. amend. V; Neb. Const. art. I, § 3.

[16] Neb. Const. art. II, § 1.

(3)(b) or (c) of section 28-394 or a violation of section 60-6,196, 60-6,197, or 60-6,198 while participating in criminal proceedings for a violation of section 60-6,196, 60-6,197, or 60-6,198, or a city or village ordinance enacted in accordance with section 60-6,196 or 60-6,197, or a law of another state if, at the time of the violation under the law of such other state, the offense for which the person was charged would have been a violation of section 60-6,197, shall not be eligible to receive a sentence of probation or a suspended sentence for either violation committed in this state.

### (a) Void for Vagueness

[7] Arizola argues that § 60-6,197.09 is void for vagueness, because the terms "commits" and "criminal proceedings" are not defined and are therefore vague. Though ordinarily the failure to raise the constitutionality of a statute through a motion to quash will not preserve the issue for appellate review, we held in *State v. Prescott*[17] that a motion to quash was not required for a defendant to challenge the constitutionality of a noncharging statute. This court held that

[w]hile ordinarily one must file a motion to quash in order to preserve a constitutional challenge to the facial validity of a statute, in this case the statute in question, § 60-6,197.04, was not the charging statute. Nor was its application in this instance apparent from the face of the record. Under such circumstances, not only was it unnecessary for [the defendant] to file such a motion, it would have been inappropriate to do so.[18]

As in *Prescott*, § 60-6,197.09 was not the charging statute. The amended information for Arizola's charge fails to reference § 60-6,197.09; rather, it was a statute the district court utilized in sentencing Arizola. In this situation, Arizola was

---

[17] *State v. Prescott*, 280 Neb. 96, 784 N.W.2d 873 (2010).

[18] *Id*. at 109, 784 N.W.2d at 884-85.

not required to challenge the constitutionality of this statute in his motion to quash. We therefore address the merits of Arizola's vagueness argument.

[8-11] The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.[19] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[20] The test for determining whether a statute is vague is whether it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and may differ as to its application.[21] A statute will not be deemed vague if it uses ordinary terms which find adequate interpretation in common usage and understanding.[22]

Arizola argues that the term "criminal proceedings" is vague. He argued at sentencing that the statute should have used the term "adjudication" and that the statute in its current form was unclear. In *State v. Lamb*,[23] this court held that the phrase "while participating in criminal proceedings" used in § 60-6,197.09 was not unconstitutionally vague. We reasoned:

> In [*State v.*] *Long*,[24] we relied on the Black's Law Dictionary 1221 (7th ed. 1999) definition of "proceeding," noting that "proceeding" had been defined as "'1. [t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment.'" . . . In a criminal

---

[19] *State v. Loyuk*, 289 Neb. 967, 857 N.W.2d 833 (2015).

[20] *State v. Lamb*, 280 Neb. 738, 789 N.W.2d 918 (2010).

[21] *State v. Irons*, 254 Neb. 18, 574 N.W.2d 144 (1998).

[22] *Id.*

[23] *State v. Lamb, supra* note 20.

[24] *State v. Long*, 264 Neb. 85, 645 N.W.2d 553 (2002).

case, entry of judgment occurs with the imposition of a sentence. . . . Thus, the imposition of the sentence, absent the pendency of an appeal, concludes the "proceedings" referred to in § 60-6,197.09, and a defendant is no longer "participating in criminal proceedings" after the sentence is imposed.[25]

There is no merit to Arizola's argument on this point.

We turn next to the question of whether the term "commits" is vague. Arizola argues that it is unclear whether "commits" refers to the time when "a defendant has engaged in conduct that could be considered a violation of the statutes in question" or to when "a defendant was convicted of the crime alleged."[26] We disagree.

According to Black's Law Dictionary, the definition of "commit" is "[t]o perpetrate (a crime)."[27] In a criminal case then, a person commits a crime at the time he or she perpetrates a crime. Black's Law Dictionary defines "perpetrate" as "[t]o commit or carry out (an act, esp. a crime)."[28] In other words, the act is "committed" at the time it is carried out and not at the time the defendant is convicted of that act. The meaning of "commits" in the context of § 60-6,197.09 is plain, direct, and unambiguous; therefore, persons of common intelligence must neither guess at its meaning nor differ as to its application. We hold that Arizola's argument that § 60-6,197.09 is void for vagueness because of the terms "commits" and "criminal proceedings" is without merit.

### (b) Due Process

Arizola next argues that he was denied due process, because the court erred in failing to provide him with an evidentiary

---

[25] *State v. Lamb, supra* note 20, 280 Neb. at 745, 789 N.W.2d at 925 (citations omitted).

[26] Brief for appellant at 24.

[27] Black's Law Dictionary 329 (10th ed. 2014).

[28] *Id.* at 1322.

hearing prior to sentencing that would have given him a meaningful opportunity to challenge whether he, in fact, committed another DUI for which he was participating in criminal proceedings when the present violation was committed.

Arizola did not specifically make reference to "due process" in his argument at the sentencing hearing. Nonetheless, because Arizola referred to a need for an evidentiary hearing prior to sentencing to prove whether the crime was committed and whether Arizola committed the crime, his request for a hearing was sufficient to preserve his present argument. This argument does not involve a challenge to the constitutionality of § 60-6,197.09, as § 60-6,197.09 does not address the evidentiary burden or procedure for proving the commitment of the violations listed in § 60-6,197.09.

[12-14] The Due Process Clause applies when government action deprives a person of liberty or property; accordingly, when there is a claimed denial of due process, a court must consider the nature of the individual's claimed interest.[29] In the context of criminal proceedings, due process generally requires the defendant be given notice and an adequate opportunity to defend himself or herself.[30] Due process requires that a sentencing judge have relevant information as the basis for a sentence imposed on a convicted defendant.[31]

On November 25, 2015, Arizola was found guilty of refusal of a chemical test. He was provided an enhancement hearing on December 17, in which the State offered into evidence the two prior DUI convictions for purposes of enhancement of the refusal conviction.

On January 15, 2016, Arizola was provided with a sentencing hearing. At the sentencing hearing, the State contended that its notes reflected that a DUI offense was filed against Arizola in March 2014, and the proceedings for that offense

---

[29] *Sherman T. v. Karyn N.*, 286 Neb. 468, 837 N.W.2d 746 (2013).

[30] *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005).

[31] *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990).

were pending at the time the June 2014 offense was committed. Therefore, the State argued, under § 60-6,197.09, Arizola was not eligible for a sentence of probation on the current offense. The court granted Arizola's request for a continuance so that Arizola could review the "relevant issues" and the "case law" concerning the application of § 60-6,197.09 to his case in light of the March DUI offense. The court agreed that it needed to look into the issue as well.

On January 22, 2016, the court held another sentencing hearing for Arizola. Arizola stated that he had reviewed the presentence investigation (PSI). The State noted that it had provided the court and Arizola with a copy of the PSI that included the March 2014 DUI offense prior to the hearing. The State requested that a copy of the county court file containing the March DUI offense be included as part of the PSI. Arizola objected, arguing that evidence needed "to be adduced that a crime was committed, in a formal hearing" and "follow the same kind of standard procedures that we follow with enhancement hearings for habitual criminals." The State contended that "the PSI sets forth when that action happened" and that the State was "simply providing the Court with the dates that that complaint was filed." The court stated that there was no "authority requiring a special enhancement hearing for that particular instance" and allowed the document to be placed in the PSI.

The court ruled that it could "take judicial notice of the fact of that proceeding, simply by virtue of it being in the PSI." The court then stated that it had been considering a "lengthy period of probation under intensive supervision," but that pursuant to § 60-6,197.09, Arizola was not eligible for probation in this matter.

At the sentencing hearing, the State asked that "a copy of the County Court file" from Arizola's March 2014 DUI "be included as part of the [PSI]." The court "allow[ed] the documents from [the March 2014 DUI] to be placed in the [PSI]." It was the commission of this crime which prevented Arizola

from obtaining probation under the terms of § 60-6,197.09 in this case. The issue raised by Arizola is whether the conviction as included in the PSI was sufficient, or whether an evidentiary hearing was required to establish that he did, in fact, "commit" the current violation while a violation of § 60-6,197.09 was pending.

We first note that § 60-6,197.09 does not provide for a separate evidentiary hearing for purposes of showing a separate violation. Rather, the statute only requires proof that the other violation was "committed" during the "criminal proceedings" of the current violation.

[15-17] Moreover, in this case, the PSI contained a copy of a prior DUI conviction committed by Arizola in March 2014. This record, which was certified by the clerk of the court, established proof of the prior conviction. In a sentencing hearing, a court generally has broad discretion concerning the source of information and the type of information to be considered.[32] A sentencing judge may consider relevant information contained in a PSI on the defendant to determine an appropriate sentence within the statutorily authorized penalty, punishment, or disposition applicable to the crime for which the defendant has been convicted.[33] A certified or duly authenticated copy of the former judgment, from any court in which such judgment was had, for any of such crimes formerly committed by the party so charged, shall be competent and prima facie evidence of such former judgment.[34]

The better procedure in this hearing would have been for the State to mark as an exhibit and move to introduce copies of the county court file containing the March 2014 DUI offense into evidence. However, Arizola, in effect, had the opportunity to offer rebuttal evidence at the first sentencing hearing and, after requesting a continuance, again at the

---

[32] *Id.*

[33] *State v. Bunner*, 234 Neb. 879, 453 N.W.2d 97 (1990).

[34] Cf. *State v. Bol*, 288 Neb. 144, 846 N.W.2d 241 (2014).

second sentencing hearing, but chose not to do so. We therefore conclude that the prior certified conviction included in the PSI acted as a certified or authenticated record to prove the existence of the commission of the March 2014 DUI, for which Arizola was participating in criminal proceedings when he committed the June 2014 DUI. Without rebuttal evidence from Arizola, additional proceedings to further prove evidence of the commission or conviction was unnecessary.

Arizola's fourth assignment of error is without merit.

## VI. CONCLUSION

The district court did not err in (1) overruling Arizola's motion to suppress the traffic stop, (2) overruling Arizola's plea in bar, (3) overruling Arizola's motion to quash, and (4) finding that § 60-6,197.09 was constitutional.

The decision of the district court is affirmed.

AFFIRMED.

STACY, J., not participating.