Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/09/2021 08:09 AM CDT

State of Nebraska, appellee, v.
Shane R. Melton, appellant.
___ N.W.2d ___

Filed January 15, 2021.    Nos. S-19-1179 through S-19-1183.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Judgments: Time: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2018), a notice of appeal must be filed, and the required docket fee deposited with the clerk of the district court, within 30 days after the entry of such judgment.

4. **Jurisdiction: Appeal and Error.** An appeal is deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and the required docket fee is deposited in the office of the clerk of the district court.

5. **Jurisdiction: Affidavits: Fees: Appeal and Error.** When a party seeks to appeal in forma pauperis, a poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal. As such, an in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and a proper affidavit of poverty.

6. **Criminal Law: Sentences: Judgments: Appeal and Error.** For purposes of appeal in a criminal case, it is the sentence which is the judgment.

7. **Criminal Law: Sentences: Judgments.** After a criminal sentence is pronounced in open court, the judgment is rendered when the written sentencing order is signed by the judge, and the judgment is entered when the clerk of the court places the file stamp on the judgment.

8. ____: ____: ____. In a criminal case, the entry of judgment occurs when the signed sentencing order is file stamped by the clerk of the court.

9. **Affidavits: Fees: Time: Appeal and Error.** In order to vest the appellate courts with jurisdiction, a poverty affidavit must be filed within the time that the docket fee would otherwise have been required to be deposited.

10. **Criminal Law: Statutes.** Where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding.

11. **Criminal Law: Appeal and Error.** When a criminal defendant files a motion that is not authorized and therefore is unavailable under Nebraska criminal procedure, the motion is a procedural and legal nullity, and any court order adjudicating such a motion presents nothing for appellate review.

Appeals from the District Court for Lincoln County: Michael E. Piccolo, Judge. Appeals dismissed.

Martin J. Troshynski for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In these consolidated criminal appeals, Shane R. Melton primarily challenges the district court's refusal to modify his criminal sentences after the sentencing hearing. We do not reach the merits of his arguments, because we conclude his appeals must be dismissed for lack of jurisdiction.

## FACTS

Following a string of motor vehicle thefts and high-speed police chases that occurred in August 2018, eight separate criminal cases were filed against Melton in the district court for Lincoln County. Pursuant to a plea agreement, the State dismissed three of the cases in their entirety, and in the remaining five cases, Melton entered no contest pleas to some counts

and the State dismissed others. Ultimately, the court accepted Melton's pleas and found him guilty of seven felonies.

At the sentencing hearing on October 28, 2019, the court pronounced prison sentences on all seven convictions. The court ordered some of the prison sentences to run consecutively, and some to run concurrently. After all of the sentences were pronounced, but before the parties left the courtroom, the State asked for clarification on whether the license suspensions imposed in connection with some of the convictions were to run consecutively or concurrently to one another. The court replied that the license suspensions would all run concurrently. No other clarification was requested.

Approximately 2 weeks after the sentencing hearing, on November 12, 2019, signed sentencing orders were file stamped and entered by the clerk of the court in each of the five cases. As relevant to the issues on appeal, the sentencing orders reflected that some of the prison sentences were ordered to run consecutively, and others were ordered to run concurrently.

Several weeks after the sentencing hearing, Melton's attorney was told that someone overheard the sentencing judge telling another judge that he had mistakenly ordered some of Melton's sentences to run consecutively, when he had intended them all to run concurrently. On November 20, 2019, Melton's attorney wrote a letter to the sentencing judge recounting what he had learned. The letter, on which the county attorney was copied, stated that Melton was "filing a motion to modify" his sentences, requesting that all sentences be run concurrently. No motions were subsequently filed by Melton, but the trial court treated the November 20 letter as a "formal Motion to Modify the Court's sentences imposed on October 28, 2019."

On November 21, 2019, the sentencing judge entered identical orders in each of the five criminal cases, attaching and incorporating the letter from Melton's counsel. The judge generally agreed with the statements contained in the letter, and explained:

The Court realized the mispronouncement had occurred after the Court imposed the sentences and after [Melton] was removed from the courtroom. Once this matter was discovered, the Court immediately conferenced with another district court judge to determine the legal options, if any, available to the Court.

The court concluded that it lacked authority to modify the sentences, citing the rule from *State v. Lessley*.[1] In *Lessley*, we held the circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court. In identical orders entered November 21, the court denied Melton's motion to modify the sentences in all five cases.

On November 26, 2019, Melton filed a notice of appeal and a motion to proceed in forma pauperis in all five cases. On December 16, Melton filed a notarized poverty affidavit in all five cases, after which the Nebraska Court of Appeals consolidated the appeals. We subsequently granted Melton's petition to bypass.

## ASSIGNMENTS OF ERROR

Melton's brief assigns three errors, two of which challenge the overruling of his motions to modify the sentences, and one of which challenges the sentence imposed on one conviction.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law,

---

[1] *State v. Lessley*, 301 Neb. 734, 919 N.W.2d 884 (2018).

which requires the appellate court to reach a conclusion independent of the lower court's decision.[2]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3] The State argues that appellate jurisdiction was not perfected within 30 days of the entry of the judgment, decree, or final order being appealed from[4] and that we therefore must dismiss Melton's appeals. We agree.

[3,4] Section 25-1912(1) governs appeals from "judgments and sentences upon convictions for felonies and misdemeanors" and provides that a notice of appeal must be filed, and the required docket fee deposited, "in the office of the clerk of the district court in which such judgment, decree, or final order was rendered" within 30 days after the "entry of such judgment." An appeal is "deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and [the required docket fee is] deposited in the office of the clerk of the district court."[5]

[5] In lieu of depositing the required docket fee, Neb. Rev. Stat. § 29-2306 (Reissue 2016) allows a criminal defendant to request to proceed in forma pauperis on appeal.[6] When a defendant does so, "a poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal," and an in forma pauperis appeal is "perfected when the appellant timely files a notice of appeal and a proper affidavit of poverty."[7]

---

[2] *State v. Roberts*, 304 Neb. 395, 934 N.W.2d 845 (2019).

[3] *State v. Fredrickson*, 306 Neb. 81, 943 N.W.2d 710 (2020).

[4] See Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2018).

[5] § 25-1912(4).

[6] See, also, *id.*

[7] *State v. Ruffin*, 280 Neb. 611, 614, 789 N.W.2d 19, 22 (2010). See, *In re Interest of Fedalina G.*, 272 Neb. 314, 721 N.W.2d 638 (2006); *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998).

[6] For purposes of appeal in a criminal case, it is the sentence which is the judgment.[8] Here, the court pronounced sentence in open court on October 28, 2019, but the written sentencing orders were not filed until November 12. Our record does not reveal the reason for the significant delay between the pronouncement of sentence and the filing of the written sentencing orders. But for a variety of reasons, not the least of which is the potential for confusion over when the appeal time starts to run, we disapprove of the practice of entering the written sentencing order on a date other than when the sentence is pronounced.[9]

In a case like this, where there is a delay between the pronouncement of sentence and the filing of the written sentencing orders, questions can arise as to when judgment was entered for purposes of appeal. We acknowledge some variance in our cases as to when the "entry of judgment" occurs in a criminal case. Some of our cases have stated broadly that in a criminal case, the entry of judgment occurs with the imposition of a sentence.[10] Other cases have recognized that a criminal judgment is not final for purposes of appeal until a file-stamped sentencing order is entered.[11] We take this opportunity to reconcile our case law on this important point.

Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2020) governs both the rendition and the entry of judgments. Currently, that

---

[8] See, *State v. Hense*, 276 Neb. 313, 753 N.W.2d 832 (2008); *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991).

[9] See, e.g., *State v. Hartzell*, 304 Neb. 82, 933 N.W.2d 441 (2019).

[10] *State v. Arizola*, 295 Neb. 477, 890 N.W.2d 770 (2017); *State v. Yuma*, 286 Neb. 244, 835 N.W.2d 679 (2013); *State v. Lamb*, 280 Neb. 738, 789 N.W.2d 918 (2010).

[11] See, *Foster, supra* note 8; *State v. McCracken*, 248 Neb. 576, 537 N.W.2d 502 (1995), *abrogated on other grounds, State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020). See, also, *State v. Brown*, 12 Neb. App. 940, 687 N.W.2d 203 (2004); *State v. Wahrman*, 11 Neb. App. 101, 644 N.W.2d 572 (2002).

statute defines the rendition of a judgment as "the act of the court, or a judge thereof, in signing a single written document stating all of the relief granted or denied in an action."[12] The "entry of a judgment" occurs "when the clerk of the court places the file stamp and date upon the judgment," and for purposes of determining the time for appeal, "the date stamped on the judgment, decree, or final order shall be the date of entry."[13]

[7] In the legal vernacular of § 25-1301, after a criminal sentence is pronounced in open court, the "rendition" of judgment occurs when the written sentencing order is signed by the judge, and the "entry" of judgment occurs when the clerk of the court places the file stamp on the judgment. This court and the Court of Appeals have generally relied on § 25-1301 when holding that a criminal judgment is not final for purposes of appeal until a file-stamped sentencing order is entered by the clerk.[14]

But in several criminal cases since 2010, we have stated that the entry of judgment occurs with the imposition of a sentence.[15] This language appears to have originated in *State v. Lamb*,[16] a case where we were determining the point at which a criminal defendant was no longer participating in criminal proceedings under Neb. Rev. Stat. § 60-6,197.09 (Cum. Supp. 2008). We reasoned that a "proceeding" in that context included "'"all acts and events between the time of commencement and the entry of judgment."'"[17] We then

---

[12] § 25-1301(2).

[13] § 25-1301(3).

[14] See, *Foster, supra* note 8 (referencing § 25-1301 for proposition that judgment is rendered when some written notation thereof is made in record); *McCracken, supra* note 11 (same); *Brown, supra* note 11 (applying § 25-1301 and finding no final judgment absent file-stamped sentencing order); *Wahrman, supra* note 11 (same).

[15] *Arizola, supra* note 10; *Yuma, supra* note 10; *Lamb, supra* note 10.

[16] *Lamb, supra* note 10.

[17] *Id.* at 745, 789 N.W.2d at 925.

stated that "[i]n a criminal case, entry of judgment occurs with the imposition of a sentence,"[18] and we went on to find that the imposition of the sentence concluded the criminal proceedings. In *State v. Arizola*[19] and *State v. Yuma*,[20] we repeated the statement that entry of judgment occurs with the imposition of the sentence. But none of those cases involved a situation where the pronouncement of sentence and the entry of judgment occurred on different days. To the extent *Arizola*, *Yuma*, and *Lamb* can be read to suggest the time to appeal a criminal judgment begins to run from the date on which sentence is imposed or pronounced, rather than from the date on which the clerk of the court file stamps the sentencing order, we disapprove of such a reading.[21]

[8] Recently, in *State v. Hartzell*,[22] we held that a notice of appeal which had been filed after the pronouncement of sentence, but several months before the signed sentencing order was filed, should be treated as filed on the date the sentencing order was file stamped by the clerk, which we described as "the entry of the judgment." *Hartzell* is consistent with the general rule that, in a criminal case, the entry of judgment occurs when the signed sentencing order is file stamped by the clerk of the court.[23] This is the correct rule, and we apply it here.

The entry of judgment in Melton's criminal cases occurred on November 12, 2019—the date on which the signed sentencing orders were file stamped by the clerk of the district court. Melton filed a timely notice of appeal and request to

---

[18] *Id.*

[19] *Arizola, supra* note 10.

[20] *Yuma, supra* note 10.

[21] See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017) (holding that right to appeal is purely statutory and cannot be modified by court).

[22] *Hartzell, supra* note 9, 304 Neb. at 89, 933 N.W.2d at 447.

[23] See, § 25-1301; *Foster, supra* note 8; *McCracken, supra* note 11; *Brown, supra* note 11; *Wahrman, supra* note 11.

proceed in forma pauperis in all five cases on November 26, but he did not file a notarized poverty affidavit in any case until December 16.

[9] In order to vest the appellate courts with jurisdiction, a poverty affidavit must be filed within the time that the docket fee would otherwise have been required to be deposited.[24] Because Melton did not perfect his appeals within 30 days after the entry of judgment on November 12, 2019, this court is without jurisdiction to consider his appeals from those judgments.

We understand Melton's appellate briefing to suggest that even if his poverty affidavits were not filed within 30 days of the November 12, 2019, judgments, they were filed within 30 days after the court's November 21 orders overruling his "motion to modify" the sentences. It is not clear whether Melton is suggesting that a "motion to modify" somehow terminates the time for appeal or whether he is suggesting the November 21 orders can be appealed separately from the criminal judgments. Either way, his position is meritless.

[10] There are certain motions which will terminate the time for filing an appeal in a civil case,[25] but this is not a civil case. Chapter 29 of the Nebraska Revised Statutes addresses criminal procedures, and it contains no statute authorizing a "motion to modify" a criminal sentence. Thus, to the extent Melton's letter can fairly be characterized as a motion at all, it is not one which is recognized in Nebraska's criminal procedure statutes. And where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding.[26] Melton points to nothing in our record that

---

[24] *Ruffin, supra* note 7. Accord, *In re Interest of Fedalina G., supra* note 7; *Parmar, supra* note 7.

[25] See § 25-1912(3).

[26] *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008); *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999). See, also, *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992).

would arguably toll the time for appealing from the entry of judgment in these criminal cases.

[11] Moreover, to the extent Melton suggests that the court's November 21, 2019, orders overruling his unauthorized motions to modify are separately appealable, he is incorrect. When a criminal defendant files a motion that is not authorized and therefore is unavailable under Nebraska criminal procedure, the motion is a procedural and legal nullity, and any court order adjudicating such a motion presents nothing for appellate review.[27]

## CONCLUSION

In all five of Melton's criminal cases, the 30-day time to appeal from the entry of judgment began to run on November 12, 2019, when the signed sentencing orders were file stamped by the clerk. In each case, Melton filed a notice of appeal on November 26, but his poverty affidavit was not filed until December 16. Because his appeals were not perfected within 30 days after the entry of judgment, they must be dismissed for lack of jurisdiction.

APPEALS DISMISSED.

---

[27] See *Miller, supra* note 26.